PORCHER L'ENGLE, APPELLANT, VS. JAMES Y. WILSON AND EMILY R. WILSON, EXECUTRIX OF C. PARKHURST, DECEASED, APPELLEES.

1. An assessment of land under the revenue act of 1879, chapter 3099, sections 6, 7 and 20, must be to the owner, or the occupant, or as "unknown," or to the trustee, guardian, executor or administrator in his representative capacity.

2. An assessment to the "estate of Parkhurst" is a nullity and a sale consequent on such assessment conveys no title to the purchaser.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*John E. Hartridge* for Appellant.

*A. W. Cockrell & Son* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

This was a suit in ejectment in the Circuit Court of Duval county by the appellant against the appellees for the recovery of a lot of land in the town of LaVilla in said county. On the trial there was a verdict and judgment for the appellees. The court charged the jury that if they found from the evidence that the tax deed under which the plaintiff claimed in this case is based on the assessment made to the "estate of C. Parkhurst" that C. Parkhurst was dead at the time said assessment was made, and the estate of C. Parkhurst was in the hands and possession of his executor, then the assessment is void and the verdict must be for the defendant.

This charge is the only error assigned here.

It was decided by this court in Spratt vs. Price, 18 Fla.,

289, that the tax assessed under the statute is a lien upon the land assessed, and that the lien attaches to the *res* without regard to individual ownership, and when it is enforced by sale pursuant to the statute prescribing the mode of assessing and collecting it, the purchaser takes a valid and unimpeachable title.

This land was not assessed pursuant to the statute. A proper assessment is essential to impressing an enforceable lien upon it.

The statute, chap. 3099, sec. 6, provides: "All the lands shall be assessed in the county, town or city in which the same shall be, and every person shall be assessed in the city, county or town; in which he resides when the assessment is made, for all lands then owned by him within such city, county or town; but lands owned by one person and occupied by another may be assessed in the name of the owner or occupant." Sec. 7: "All lands not returned to the assessor may be assessed as unknown."

Sec. 20. When a person is assessed as a trustee, guardian or executor or administrator, a designation of his representative character shall be added to his name, and such assessment shall be entered upon a separate line from his individual assessment, and he shall be assessed for such real estate held by him in his representative character at the full value thereof and for all the personal property so held by him in such representative character.

It is claimed by the appellant that these provisions are merely directory, and that inasmuch as the lien is on the land itself, without reference to ownership, that listing the land in the name of an estate is sufficient.

There are cases which seem to sustain this proposition. Kingman vs. Glover, 3 Richardson, 27; 24 N. J. L., 108; 83 Ill., 602; 96 Ill., 346. In the case in 24 N. J., *supra*, the question arose in a proceeding instituted to set aside

the tax assessment which was to the "estate of Coly." The court sustained the assessment, but said "that it is questionable whether a sale under such an assessment would convey title." There are also many cases which hold that these provisions of the assessment statute are mandatory. In 97 Mass., in the case of Wood vs. Torney, 322, the assessment was to the "estate of Benjamin Davenport." The court held the assessment void. In 23 New York, Whiting vs. Thomas, 281, in a statute that provides:

1st. Every person shall be assessed in the town or ward where he resides when the assessment is made for all lands then owned by him in such town or ward and occupied by him or wholly unoccupied.

2d. Land owned by a person residing in the town or ward where the same is situated, but occupied by another person, may be assessed in the name of the owner or occupant.

3d. Unoccupied land not owned by a person residing in a town or ward where the same is situated shall be denominated lands of non-residents and assessed as hereinafter provided.

The court said "these provisions are imperative. There is no authority whatever for making the assessment otherwise than as they direct. The provision in section 2, that the lands may be assessed either to the owner or occupant, would be wholly nugatory if they could be assessed to one who is neither. The assessors have no jurisdiction to assess except as the statute provides, and unless they pursue the directions of the statute the assessment is unauthorized and void."

The provisions of these statutes are very similar to our own, and the conclusions of the court are in accordance with our views.

In the case of Cruger vs. Dougherty, 43 N. Y., 107, the

court says: "It is a well established rule that one claiming to have acquired title to the property of another under statutory proceedings must show that every material provision designed for the security and protection of the owners has been substantially complied with."

In the case of Woodbridge vs. State, 43 N. J., 270, the court say: " The power to sell lands for taxes is a naked power and the validity of a title derived from such sale depends upon a strict compliance with the directions of the statute," and " a purchaser at such sale is bound to inquire whether he has so acted," quoting Blackwell on Tax Titles, 34; State vs. Jersey City, 7 Vroom, 188. See also 28 Miss., 75 and 76.

In this case there is no assessment to the owner, occupant, unknown owner or person in a representative character.

The statute requires the assessment to one or other of them ; an assessment to the " estate of C. Parkhurst" is to neither, and is equivalent to wholly ignoring the requirements of the statute.

These requirements are few and simple; any man of ordinary intelligence can, without difficulty, follow them with accuracy. Not to do so can only be attributed to the negligence of the assessor. Section 58, revenue act, *supra*, makes the " clerk's deed *prima facie* evidence of the regularity of the proceedings from the valuation of the land to the date of the deed inclusive." This is a large invasion of the law as it once stood. We are not disposed to extend it by judicial construction, a construction which would require us to declare some parts of the act directory and others mandatory. It must be admitted that there can be no definitively prescribed rule which will unmistakably mark the line of demarcation between the two. It must in its nature be a matter of individual opinion, and as time should

change the individual members of this court there would be a corresponding change in the construction of what was mandatory and what was directory.

There was no error in the charge .of the court and the judgment is affirmed.