J. T. HAYNSWORTH, *et al.*, v. POLK COUNTY BUILDING & LOAN ASS'N.

149 So. 615.
Division A.
Opinion Filed July 18, 1933.

*Wm. R. Cade* and *Ralph M. Naylor,* for Appellants;
*Gordon Petteway,* for Appellee.

DAVIS, C. J.—Bill in equity was filed by a mortgagee against the mortgagor for the purpose of foreclosing and requiring the City of Mulberry as a joint defendant, to permit redemption of the mortgaged property from a city tax lien that had been earlier judicially enforced by a completed foreclosure proceeding, that had led up to acquisition by the city at the foreclosure sale, of the legal title to the mortgaged property.

The bill set forth in substance, in addition to the usual allegations concerning facts to establish a foreclosure accrual against the mortgagor himself, that the City of Mulberry had agreed to permit the mortgagor in possession of the property, to redeem the property from the lien of the city taxes by paying such taxes on the installment plan, and that after accepting payments under such agreement, the city then brought suit to foreclose its lien for taxes, making the mortgagee as well as the mortgagor a party to the suit, in which decree of foreclosure for the taxes was rendered, the property put up and sold and the title bid in at the sale by the city's representative, so as to vest in the city under the foreclosure decree for its taxes, the legal title to the mortgaged property which had at all times remained in the mortgagor's possession under the tax arrangement aforesaid. The bill contained allegations on complainant's part offering to do equity by paying in full all that was owed to the city with respect to the property, and prayed that mortgagee might be decreed to have the benefit of the city's arrangement with the mortgagor concerning the right to redeem the property and have it reconveyed by the city upon payment of what was due the city concerning the taxes on it.

A general motion to dismiss the bill for want of equity was filed by the city, which has taken this appeal from the Chancellor's order overruling the motion.

While the bill does have the effect of seeking to impeach a tax-lien foreclosure decree more than six months previously entered in an equity suit brought by the city, to which suit both mortgagor and mortgagee were made proper parties, in order to make the tax-lien foreclosure decree effective to cut off the rights of the mortgagee in the premises, and while it does not specifically appear in the transcript that the permission of the Chancellor was first sought and granted in advance of the filing of the bill, insofar as the city as a defendant to it was concerned, nevertheless by overruling a motion to dismiss it the Chancellor in effect countenanced and approved its filing (no specific objection having been raised on the ground that leave had not been first sought and obtained for the purpose) and the allegations of the bill itself, we think, make out and advance (if sustained by sufficient proof) a good equitable cause sufficient to warrant the Chancellor in so modifying the tax-lien foreclosure decree as between the parties to it, as to now permit the mortgagee to redeem from that decree, and save its rights as mortgagee, by doing equity in the premises as the court may require. See Miami Bank & Trust Co. v. Mahlstedt, 107 Fla. 282, 144 Sou. Rep. 659.

Cases like the present lie almost wholly within the realm of sound judicial discretion, the nature of the equitable bill filed being merely a procedural vehicle by which the equitable discretion is duly and regularly invoked in an orderly way. Here the city is holder of the property merely because it has obtained a decree against it rendered for the purpose of enforcing the lien it had for its taxes. No rights of third parties are affected. The parties before

the Court are the same as were before the Court when the earlier decree was rendered. Equities have been set up which the Chancellor, by overruling a motion to dismiss as to the city, has deemed just and sufficient to require an answer, and such as to possibly warrant some relief of an equitable nature, even as against the city's claim of rights based on the former decree. Error in the interlocutory order now appealed from does not clearly appear, so it must be and is hereby affirmed.

Affirmed.

WHITFIELD, ELLIS, TERRELL, concur.

BROWN and BUFORD, J. J., dissent.