RANGER REALTY CO. v. CASPAR HEFTY.

152 So. 439.

Opinion Filed November 13, 1933.

*Hall & English,* for Appellant;

*Evans, Mershon & Sawyer* and *L. L. Robinson,* for Appellee.

WHITFIELD, J.—The owner in possession of land brought suit to enjoin the issuance of a tax deed upon a tax sale

certificate purchased at a tax sale in 1928 for State and county taxes for 1927 assessed against the land situated in the City of Miami, Dade County, Florida. The certificate is alleged to be void upon stated grounds affecting the proceedings in making the tax assessment and sale and in issuing the tax sale certificate. By amendment, the State Comptroller was made a party defendant under the statute, whereupon it is also sought to have cancelled a tax sale certificate held by the State for State and county taxes for the year 1928 upon the same land. There are also allegations as to an invalid city tax sale certificate covering the land. The object of the suit is the cancellation of the tax sale certificates and of the assessments as made, as being clouds upon title. Other allegations of the bill of complaint need not be stated here.

The court granted a temporary restraining order covering the two State tax-sale certificates. A motion to dissolve the restraining order, a motion to dismiss the bill of complaint and a motion to strike portions of the bill of complaint made by the defendant Ranger Realty Company, were severally denied and that defendant appealed. It is not necessary to discuss the grounds of misjoinder of parties and of causes of action stated in the motion to dismiss.

It is in effect contended for the appellant that the chancellor was not authorized to enter the temporary restraining order without requiring the owner to pay such taxes as could have been lawfully assessed against the property; that under the statutes, irregularities in the assignment proceedings do not make tax assessments or tax sale certificates invalid where the property was subject to taxation and the taxes have not been paid; that the irregularities in the assessments and tax sale certificates complained of are cured by statute and that the complainant does not offer to do

equity by paying the taxes that could legally have been assessed against the property.

For the appellee it is in substance contended that the tax sale certificate held by the defendant appellant is void because the provisions of the statute were not complied with in making the assessments and sale for non-payment of the taxes and in issuing the tax sale certificate. The Constitution provides:

"No tax shall be levied except in pursuance of law." Sec. 3, Art. IX.

"No person or corporation shall be relieved by any court from the payment of any tax that may be illegal or illegally or irregularly assessed, until he or it shall have paid such portion of his or its taxes as may be legal, and legally and regularly assessed." Sec. 8, Art. IX.

"The circuit courts shall have exclusive original jurisdiction * * * in all cases involving the legality of any tax, assessment or toll * * *." Sec. 1, Art. V.

The statutes provide:

"All real and personal property shall be subject to taxation on the first day of January of each year, and this Chapter shall create a lien upon such property for the purposes thereof superior to all others, which lien in addition to the provisions of this Chapter for the collection of taxes on personal property may be enforced by suit in equity." Sec. 896 (696), C. G. L., 1927.

"All taxes imposed pursuant to the Constitution and laws of this State shall be a first lien superior to all other liens on any property against which such taxes have been assessed which shall continue in force and effect until discharged by payment, and no act of omission or commission on the part of any tax assessor, or any assistant tax assessor, or any tax collector, or any Board of County Commissioners,

or any clerk of the circuit court or any other officer of this State, or any newspaper in which any advertisement of sale may be published, shall operate to defeat the payment of said taxes; but any such acts of omission or commission may be corrected at any time by the officer or party responsible for the same in like manner as is now or may hereafter be provided by law for performing such acts in the first place, and when so corrected they shall be construed as valid *ab initio* and shall in no way affect any process provided by law for the enforcement of the collection of any such tax. All owners of property shall be held to know that taxes are due and payable thereon annually, and are hereby charged with the duty of ascertaining the amount of such tax and paying the same before the first day of April of each year; all provisions of law now existing or which may be hereafter enacted relating to the assessment and collection of revenue (unless otherwise specifically so declared) shall be deemed and held to be directory only, designed for the orderly arrangement of records and procedure of officers in enforcing the revenue laws of the State and not primarily for the protection or benefit of the taxpayer; and no assessment, and no sale or conveyance of real or personal property for non-payment of taxes shall be held invalid except upon proof that the property was not subject to taxation, or that the taxes had been paid previous to sale, or that the property had been redeemed prior to the execution and delivery of deed based upon certificate issued for non-payment of taxes." Sec. 1, Ch. 14572, Acts of 1929.

"All tax sale certificates and deeds now held and owned by the State of Florida, or any person, firm or corporation which are invalid on account of any matter or thing not affecting the authority of the State or any county thereof to levy and collect the taxes evidenced by such certificates are

hereby validated and made legal to the extent of any lien evidenced thereby, in so .far as is competent for the Legislature of the State of Florida so to do; provided, however, that this section shall not apply to certificates and/or deeds involved in litigation now pending." Sec. 16, Ch. 14572, Acts 1929.

"No decree shall be made by any court in a suit brought by or on behalf of any land owner to enjoin any tax sale or to set aside or cancel any tax certificate in the State of Florida until such owner shall have paid to the tax collector of the county where the property is assessable the full amount of the taxes which could have been lawfully assessed against the property involved for the period covered by the assessment complained of, whether such real estate shall have been returned for assessment by the owner thereof or not. In all such cases the court shall ascertain and determine and by decree fix the amount of such tax to be paid by the owner." Sec. 1008, C. G. L., 1927.

"The courts of chancery in this State shall have jurisdiction in all cases involving the legality of any tax, assessment or toll, and shall inquire into and determine the legality, equality and validity of the same under the Constitution and laws of the State of Florida, and shall render decrees setting aside such tax, assessment or toll, or any part of the same, that shall appear to be contrary to law; Provided, that the complainant shall in every case tender into court and file with the bill of complaint the full amount of any such tax, assessment or toll which he shall admit to be legal and due by him, or file with the bill of complaint a receipt showing payment of the same prior to the institution of the suit." Sec. 1038, C. G. L., 1927. "The holder of any tax certificate at any time two years after the date of its issuance may obtain a tax deed to the land therein

described by application to the Clerk of the Circuit Court of the county wherein such land is situated as provided by law, and the surrender of such certificate and the payment to the Clerk of the proper amount for the redemption or surrender of all other outstanding subsequent certificates covering said land and the payment to the Clerk of a fee of fifty cents for each certificate then redeemed, and for searches to ascertain all outstanding certificates, a fee of fifty cents for the oldest tax sale and a fee of fifteen cents for each subsequent tax sale at which said land was sold, or subsequent omitted tax year, and a fee of one dollar for the issuance of the deed and ten cents for each additional description of land embraced in any one deed; which deed shall be *prima facie* evidence of the regularity of the proceedings from the valuation of the land by the assessor to the deed inclusive. All tax deeds shall be issued by the Clerk of the Circuit Court of the county wherein the lands conveyed are situated," etc. Sec. 12, Acts 1929.

The statute requires the tax deed covering the land to contain the following:

"Provided, however, that said land shall continue subject and liable for any unpaid taxes thereon."

This is not an action at law concerning title to land claimed under a tax deed as in McLeod v. Williams, *et al.*, 73 Fla. 338, 74 So. 408; Nail, *et al.*, v. Browning, 73 Fla. 316, 74 So. 315; Tax Securities Corp. v. Borland, 103 Fla. 63; 137 So. 151; and other similar cases.

Those who seek equitable relief must do equity; and equity follows the law.

The rule is that in suits to set aside tax assessments or tax sale certificates or other evidences of liens on or sales of property for unpaid taxes, the complainant must as a condition precedent to granting relief, pay or offer to pay

as the court or the statute may require, all taxes that could legally have been assessed against the property. See Sections 1008, 1038, Compiled General Laws, 1927; William W. Dewhurst v. City of St. Augustine, *et al.,* 91 Fla. 314, 107 So. 689.

"Where the validity of the entire tax is contested, the complainant will not be required to pay any part of the tax as a condition to the granting of a preliminary injuncion." Roberts v. American National Bank of Pensacola, 97 Fla. 411, 413, 121 So. 554.

When a tax that is complained of has been illegally levied or assessed because it is not authorized by law or is otherwise illegal under the controlling law, the owner of the property can seek relief from the illegal levy or assessment without paying or offering to pay any part of the unauthorized or illegal tax. See Roberts v. American National Bank of Pensacola, 97 Fla. 411, 121 So. 554; W. Va. Hotel Corp. v. Foster Co., *et al.,* 101 Fla. 1147, 132 So. 842; Folsom, *et al.,* v. Bank of Greenwood, 97 Fla. 426, 120 So. 317; Norwood v. Baker, 172 U. S. 267, 19 Sup. Ct. 187.

Where levies and assessments are authorized by law and the valuation of the property for assessment purposes is unlawfully excessive, or the assessment or sale is not in accord with statutory requirements, the taxes that were duly *levied* and could have been legally *assessed,* should be paid as a condition for equitable relief from the illegal part, when the amount legally due can be ascertained. See Dewhurst v. City of St. Augustine, 91 Fla. 314, 107 So. 689; L. &. N. R. R. Co., *et al.,* v. Amos, 98 Fla. 350, 123 So. 745; City of Bradenton v. S. A. L. Ry. Co., 100 Fla. 606, 130 So. 21; Hargim, Inc., *et al.,* v. O'Bannon, 100 Fla. 755, 129 So. 918; Serpas v. Nelson, 97 Fla. 126, 120 So. 217; Folsom, *et al.,*

v. Bank of Greenwood, 97 Fla. 426, 120 So. 317. See also State Railroad Tax Cases, 92 U. S. 575.

Tax *levies* are made by statute or by officers pursuant to authority conferred by law. Tax *assessments* are made by authorized officers who ascertain descriptions of taxable property, value the property, apply the rates levied by proper authority, and determine the amounts due under the levies, making a prescribed form of record of the assessments upon which under proper warrants the collections are to be made, and in default of payments, sales of the property may be made as provided by law. Tax liens and exemptions from taxation are prescribed by law.

In this State the statute in express terms impresses a lien upon all taxable property, for the amount of the taxes that may be levied "in pursuance of law" against the property; and such lien continues until the taxes are paid or the lien is otherwise discharged in accordance with applicable law. Assessments are required to be made in order to afford an administrative record ascertainment of the amount of the tax covered by the lien, by applying uniformly the *levy* that is authorized by law to *just valuations* in the taxing unit, so as to comply with the organic mandate requiring a uniform and equal taxation upon just valuations of all taxable property. Section 1, Article IX, of the Constitution.

Tax sale certificates are issued upon sales of lands for non-payment of taxes. Such certificates are in effect evidences of the statutory lien or claim against described lands for the amount of the unpaid tax levies and the charges that are incident to the sale and issuance of the certificates. When lands are purchased at the sale by private parties or when tax sale certificates are issued to the State at the tax sales in the absence of other purchasers, and such certificates are purchased from the State, the purchaser acquires the

rights of the State in the certificates as evidence of unpaid taxes for which the statutes impose a lien upon the property.

Such purchaser has under the statute a right to procure a deed upon a tax sale certificate at the end of the period allowed by the statute for redeeming the land from the statutory lien for the tax, by paying the required amounts for other outstanding certificates and for unpaid subsequent taxes with interest costs and charges as prescribed by the statute. The owner may redeem the land at any time before a tax deed is issued by paying the amounts required by the statute with interest, costs and charges. Where a tax deed is issued it is required by the statute to be made subject to all unpaid taxes on the land. The rights conferred by Chapter 16252, Acts of 1933, the "Futch Law," are not considered in the discussions herein.

Under Chapter 14572, Acts of 1929, the holder of a tax sale certificate or a tax deed may enforce the rights in the lands as represented by the tax sale certificate or tax deed, by foreclosure procedure making all parties interested therein for taxes due or as owners, parties to the suit so that all rights of the owners and taxing units in the land may be adjudicated and a good title conveyed to the purchaser at the foreclosure sale, unless the land is redeemed under the statute by the owner by making the required payments before sale under final decree in the foreclosure proceedings. See City of Sanford v. Dial, 104 Fla. 1, 142 So. 233.

Where equitable relief is sought from alleged *invalid assessments* or authorized *ad valorem* taxes as distinguished from a tax assessment *that is void* because not authorized by law, the complainant is required to do equity to the taxing power or its assignee, paying all taxes that legally could have been and were *levied* though not properly *assessed*

against the property by the taxing unit whose *assessment* is challenged as being invalid.

It is the duty of property owners to pay all lawful taxes *levied* upon their property in order to sustain the government for the security of all. To enforce tax payments, the sovereign may assign its tax sale certificates representing unpaid taxes upon lands, and the assignee may enforce the assigned right against the property as provided by law.

Invalid *assessments* do not impair statutory *liens* for valid tax *levies*. The statutes require in designated classes of litigated cases, the payment of taxes that were lawfully *levied* as a condition for an adjudication of an · invalid *assessment* of taxes or an invalid sale for non-payment of taxes that could have been legally assessed; and where an equitable remedy is sought against an invalid or excessive *assessment* or an invalid sale, the complainant may by statute or according to the rule of the forum, be required as a condition to granting the relief sought, to pay the amount of the tax that is legally due, as a discharge of the duty owed to the sovereign power in whose court relief is sought.

It is not alleged that the land was not subject to the tax or that the tax has been paid, or even that because of unjust discrimination in valuations of property for taxation in the taxing unit, the amount of the assessment is unlawfully excessive; for such an unjust discrimination relief could have been sought initially by application to the equalizing board of the county. If the tax is in part illegal or is excessive, the taxes justly due must be paid under the statute to get equitable relief. A land owner who has not paid the tax legally levied and due on the land and has permitted the land to be sold for unpaid taxes, and rights have been acquired by the purchaser under the statute at the end that the sovereign may collect its taxes due by complainant,

must comply with the statute when asking a cancellation of a tax sale certificate. If a *levy* of the tax is not authorized and the assessment is therefore illegal and void, appropriate relief duly applied for may be had without the payment of any part of the *unauthorized* assessment of the tax. If a *levy* is duly authorized but the *assessment* as made is invalid, and has not been duly validated, the taxes justly due must be paid when a cancellation of the assessment or of the tax sale certificate is sought. If the *levy* is duly authorized and an invalid *assessment* has been made or an invalid tax sale certificate has been issued, but both the assessment and certificate have been validated by statute, the assessment and tax sale certificate may then be effective unless organic rights are violated in making or in validating the assessment or the certificate.

In this case even if the alleged defective administration proceedings had under the statute in making the assessment and in issuing the tax sale certificate which are asserted to be invalid, are not cured by the statutes herein quoted, such alleged defects do not justify the courts in giving relief unless the taxes that could have been legally assessed as required by the statute and by the rules of the forum are duly paid.

The bill of complaint alleges that the complainant is the owner in fee simple, and complainant and those claiming under him are in the exclusive possession of the land in controversy, described as "Lot twelve (12), of Block One Hundred twenty-four (124), North of the City of Miami, Florida, as per plot recorded in Plat Book B, at page 41, of the Public Records of Dade County, Florida." The assessment entries of the State and county tax roll for 1927 are: "Lot 12, Blk 124," under a first heading, "City of Miami" and thereunder the heading "City of Miami North." The

word "Unknown" is opposite the entry of Lots 1 and 2 of Block 124 under the heading "name of owner," etc., but such word is not repeated opposite the entries of the subsequent lots of Block 124 on the same page of the tax roll. The description of the land in the tax sale certificate is "Lot 12, Block 124 City of Miami North." The separate millage assessment for various purposes appear on the page of the tax roll opposite the description of the property; but the aggregate assessment is not entered in an appropriate column provided to the right on the same page. This does not affect the validity of the assessment as made under the statutes.

The statutory lien for the taxes was imposed upon the land for the year in which the assessment was made. The statute authorizes the name of the owner of the land to be stated as "unknown;" the assessment being *in rem* against the property and not *in personam*. The description contained in the tax roll should be sufficient to protect the land from reassessment for the same taxes under the description stated in the bill of complaint to be a correct description of the land. Dixon v. City of Cocoa, 106 Fla. 855, 143 So. 748.

. "Description in assessment roll which makes it possible for surveyor, with aid of tax record, to identify property with reasonable accuracy, is sufficient." Inter-City Sec. Co. v. Barbee, 143 So. 791.

Even if the description of the land on the tax roll and in the tax sale certificate, is insufficient as a means of identifying it as the same land that is described in the bill of complaint, the complainant owner of the land regards the description in the record of the assessment and in the tax sale certificate, as being sufficient to constitute a cloud on his title to the land; and if the description in the tax assessment and in the tax sale certificate is sufficient to cloud the

title, it is sufficient upon which the owner can safely pay the taxes which constitute a statutory lien upon the land; which taxes the owner is obliged to pay to avoid the enforcement of the tax lien, by the issue of an administrative tax deed or by foreclosure proceedings by the holder of the tax sale certificate or otherwise as may be provided by law. If the taxes are paid on the assessment as made, the description of the land is sufficient to avoid a reassessment for the same taxes.

The law does not contemplate that in order to avoid the payment of a just proportion of the taxes levied to maintain the government and the public schools for the benefit of all inhabitants of the State, there can be invoked the processes of a court of the sovereign which is supported by those who do pay their taxes.

The statute provides that tax sales shall be commenced at 12 o'clock noon. A report of a tax sale stating that it was made beginning at 11:00 o'clock A. M. on the proper day, will not render the entire sale proceeding void or invalid; and where there is no showing that a particular sale was made before 12 o'clock noon on the proper day, and that injury resulted therefrom to the complaining party, the error if any will be regarded as harmless even if the hour designated by the statute is not directory and not mandatory, and particularly in view of the validating statutes herein above quoted.

Allegations as to defects in the tax sale certificates in that the certificates are signed only by a rubber stamp and in that the proof of the publication of notice of the tax sale was not made as required by the statute, cannot avail as grounds for cancelling the tax sale certificates, when the complainant owner of the property has not paid the taxes legally due as required by the statute and by the rule of

668.

the equity forum, even if the defects complained of are not cured by the statutes quoted herein.

Complainant offers to pay all taxes *lawfully assessed* and insists that there is no lawful assessment. He has not paid or offered to pay taxes legally *levied* by authority of the law but unpaid on the property.

The order granting a temporary restraining order was not appealed from and was not necessarily erroneous, but the three orders appealed from are not in accord with the principles of law herein stated; and such orders are reversed and the cause is remanded for appropriate proceedings.

Davis, C. J., and Terrell and Buford, J. J., concur.

Ellis, J., dissents.