CITY OF WINTER HAVEN, a municipal corporation, BADGER
INVESTMENT COMPANY, INC., a Florida corporation, and
DUNDEE CITRUS GROWERS' ASSOCIATION, a Florida cor-
poration, v. LAKE ELBERT CITRUS FRUIT COMPANY.

165 So. 360.
Division B.
Opinion Filed January 22, 1936.

*Henry Sinclair,* and *Huffaker & Edwards,* for Appellants;
*Maxwell & Cobbey,* for Appellee.

TERRELL, J.—The Legislature of 1925 enacted Chapter
11301, Laws of Florida, extending the corporate limits of
the City of Winter Haven to include the Town of Florence
Villa and a large area of other territory. Soon after the
passage of this Act the enlarged city, pursuant to Chapter

9298, Acts of 1923, paved certain streets within its boundary as enlarged but without its boundary prior to enlargement and levied special assessments against the abutting property to pay for said improvements. Between the date made and the fall of 1931 payments in the sum of $6,697.62 were made on these special assessments.

In November, 1931, its special assessment liens having matured, the city instituted suits to foreclose against various claimants, one of which described the lands involved in this litigation and owned by appellee. Appellee suffered a decree *pro confesso* to be entered against it on the representation of the then city attorney that if it (appellee) would permit this to be done the city would at the foreclosure sale buy in the property and resell it to appellee at a price much below the amount due the city on the lien.

The suit against appellee was prosecuted to foreclosure and the city purchased the lands as agreed, but has never reconveyed them to appellee as it promised to do. In October, 1932, it (the city) made a contract to convey said lands to Badger Investment Company, Inc., for a valuable consideration, the latter being then on knowledge of the agreement between the city and appellee. In March, 1934, Chapter 11301, Acts of 1925, the Act enlarging the city and the Act under which these assessments were made, was held to be unconstitutional and void in the case of State, *ex rel.* Landis, v. City of Winter Haven, 114 Fla. 199, 154 So. 700.

In July, 1934, less than six months after the last named decision, appellee as complainant, by leave of the court first had filed its bill in the nature of a bill of review setting up the invalidity of the assessment liens against its lands and the Act under which they were authorized and issued, the non-existence of the corporation which brought the foreclosure suit, the fraud of the city in obtaining the decree

of foreclosure, the fraudulent agreement with appellees and praying that the final decree and decree confirming the sale be set aside and vacated. A motion to dismiss the bill in the nature of a bill of review was denied and the instant appeal was taken from that decree.

It is first contended that the bill should have been dismissed because the complainant did not offer to do equity by restoring to appellant any part of the funds due it on the special assessment.

The general rule is that before a suit to set aside a tax assessment, tax sale certificate, or other lien for unpaid taxes can be maintained the complainant must, as a condition precedent, pay or offer to pay as the court or statute may require all taxes that could have been legally assessed against the property. When the validity of the entire tax is being contested as in the case at bar because of utter lack of power to impose it this rule is not applicable. In such cases the complainant will not be required to pay any part of the tax as a condition to the granting of a preliminary injunction. Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 439; Hillsborough County v. Temple Terrace Asset Co., 111 Fla. 368, 149 So. 473.

The second question argued is whether or not an original bill in the nature of a bill of review brought by leave of the court after the time for appeal has lapsed, seeking to vacate a final decree for fraud, must contain the same allegations as to time required of a strict bill of review attacking a decree for errors apparent on the face of the record or on the ground of newly discovered evidence.

The decisions in this State by implication and in terms recognize a clear distinction between bills of review and original bills in the nature of bills of review and the rules governing their maintenance. The latter are controlled

largely by the discretion of the court and are not limited in the time of filing to the six months for taking an appeal. Hall v. Hall, 93 Fla. 709, 112 So. 622; *In Re:* Newkirk, 114 Fla. 552, 154 So. 323; Haynesworth v. Polk County Building & Loan Ass'n, 111 Fla. 451, 149 So. 615; Miami Bank & Trust Co. v. Mahlstedt, 107 Fla. 282, 144 Sou. 659; Columbus Hotel Corp v. Hotel Management Corp., 116 Fla. 464, 156 So. 893.

In some of these cases the bill in the nature of a bill of review was actually filed after six months and in none of them was the rule as to strict bills of review enforced. The bill in the instant case presents equities that, if established, appeal strongly to the conscience of a chancellor and there is no showing of abuse of discretion either in the filing of the bill or in the denial of the motion to dismiss.

Other assignments have been examined, but in view of the conclusions reached herein they become immaterial and will not be treated. We find nothing in the record to support the challenge to the bill based on *laches*.

It follows that the decree below must be and is hereby affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J.. concur.

WHITFIELD, C. J., concurs in the opinion and judgment.

BROWN and DAVIS, J. J., not participating.