M. C. BOLEY, *et ux.,* and M. C. Pons, as Administrator, etc., v. FRANK HILBUN

169 So. 409.
Division B.
Opinion Filed May 29, 1936.
Rehearing Denied July 29, 1936.

*E. C. Maxwell* and *Jno. B. Jones,* for Appellants.
*Coe & McLane,* for Appellee.

TERRELL, J.—In February, 1935, Appellee, as complainant, filed his bill of complaint in Escambia County pursuant to Chapter 14572, Acts of 1929, to foreclose certain tax liens evidenced by tax sale certificates described with particularity in the bill of complaint. Defendants by answer challenged the validity of the assessments and tax sales on which the certificates were based on the ground that the lands described therein were assessed to "Boley and Kilby" with no designation as to what Boley was intended although there were several persons named Boley then living in the county and no person named Kilby was interested in or in possession of any of the lands described in the certificates nor had there ever been a partnership or association of persons in the county known as "Boley and Kilby." A motion to strike the answer was granted and final decree was entered for complainant. This appeal is from the final decree.

Appellants contend that the tax sale certificates brought in question are void and cannot be foreclosed because the assessments were not made to the owner but in the name of a person or firm that had no existence in the county and that they (assessments) covered two distinct and separate parcels of land not embraced in a single lot or farm.

To support their contention appellants rely on: City of Orlando v. Giles, 51 Fla. 422, 40 So. 834; and Florida East Coast Fruit Land Co. v. Mitchell, 80 Fla. 291, 85 So. 661. These cases have been examined and they support appellants' contention in that they held tax assessments involved therein invalid because of irregularities in their imposition, but the law affecting such assessments has been materially changed since these adjudications.

Chapter 10023, Acts of 1925, Chapter 12409, Acts of 1927, and Chapter 14572, Acts of 1929, enacted after the decisions relied on by appellants, modified the status of and method of enforcing tax liens and reducing tax sale certificates to title. In Ridgway v. Reese, 100 Fla. 1304, 131 So. 136, we held that it was competent for the Legislature to provide any and all adequate means to enforce the payment of taxes and to enforce the liens evidenced by tax sale certificates after the period of redemption had expired and if the means so provided afford due process and reasonable opportunity is given to redeem the property owner cannot complain.

We also held in Ridgway v. Reese that the provision of Section 1, Chapter 14572, Acts of 1929, that "no sale or conveyance of real or personal property for non-payment of taxes shall be held invalid except upon proof that the property was not subject to taxation, or that the taxes had been paid previous to sale, or that the property had been redeemed prior to the execution and delivery of deed based upon certificate issued for non-payment of taxes," does not violate any right of the owners of property who do not redeem tax sale certificates within the two years allowed by law for their redemption.

Section 22 of Chapter 14572, Acts of 1929, provides that

if the chancellor shall determine that any tax, tax sale certificate, tax deed or portion thereof is illegal, he shall enter a decree for such taxes or portion thereof, as may be due and unpaid, with penalty, interest, and costs, and in such case shall make such orders as to costs and attorneys' fees as shall appear to be reasonable and just.

Section 16 of Chapter 14572, Laws of Florida, attempts to validate all certificates held by the state or any person which are invalid on account of any matter or thing not affecting the authority of the state or any county thereof, to levy and collect the taxes evidenced by such certificate, to the extent of the lien insofar as competent for the Legislature to do so. Chapter 10023, Acts of 1925, also validate certain tax assessments and requires that before any decree is entered setting aside tax assessment or certificate the owner must pay to the tax collector of the county where the property is assessed the full amount of taxes lawfully due and the court is required to determine the amount so due if he can do so from the record.

Appellants attempted but failed to bring themselves under the rule announced in Roberts v. American National Bank of Pensacola, 97 Fla. 411, 121 So. 554; West Virginia Hotel Corp. v. Foster Co., 101 Fla. 1147, 132 So. 842; and Folsom v. Bank of Greenwood, 97 Fla. 426, 120 So. 317. The assessments complained of were authorized by law, they were not charged to be excessive, and were validated by Chapter 10023, Acts of 1925, and Chapter 14572, Acts of 1929. In fact the said Acts were designed to correct such errors as are here complained of. Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 438.

Suit to foreclose the certificates brought in question was instituted after the period of redemption had expired. The bill does not allege that the property was not subject to

taxation, or that the taxes were paid previous to sale, or that it had been redeemed prior to the execution and delivery of the deed. A division between the two tracts was not challenged.

So far as the record discloses there was a *bona fide* attempt on the part of the tax assessor to make the assessment complained of. Since the lien was there, Section 896, Compiled General Laws of 1927, the amount of the tax is not resisted, no part of it is shown to have been paid, and the chancellor was authorized to adjudicate the status of the whole or any portion of the certificate, it was proper for him on the showing made to enter judgment for such portion of the tax as was found to be legally due. In entering judgment for the complainant he in effect found the full amount of the certificates to be due and it is not shown that he committed error.

It is not material that the certificate was held by an individual instead of the state. When purchased by the complainant from the state he acquired all the right the state had and was in all respects substituted for the State. Ranger Realty Co. v. Hefty, *supra*.

The judgment below is affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.