MARY LOUISE ADAMS, a widow, v. F. ELLISON ADAMS and wife.

180 So. 516.
Opinion Filed March 15, 1938.
Rehearing Denied April 28, 1938.

*George P. Garrett,* for Plaintiff in Error;

*Warlow & Carpenter* and *Maguire & Voorhis,* for Defendants in Error.

TERRELL, J.—This is an action in ejectment by Mary Louise Adams, a widow, against F. Ellison Adams and Penelope Clark Adams, husband and wife. A jury was waived, the trial judge found for defendants, and entered judgment accordingly, to which writ of error was prosecuted.

It appears that prior to the ejectment action, the Town of Lake Maitland, pursuant to Chapter 8297, Acts of 1919, brought suit in equity to foreclose certain tax liens against the lands involved in the ejectment action. The plaintiff in the ejectment action, plaintiff in error here, was made a party defendant in the foreclosure suit, was served with process, entered her appearance but declining to plead further, a decree *pro confesso* was taken against her. A foreclosure decree was in due course entered, the sale was held, and confirmed, deed was executed to complainant, and the property was later acquired through mesne conveyances by the defendant in the ejectment action.

The ejectment action was brought by the plaintiff in error who was the former owner of the lands against the present claimant more than two years after the final decree in the foreclosure suit with judgment as stated. For reversal, the plaintiff in error who was plaintiff in the ejectment action relies on the invalidity of the foreclosure proceeding contending that it was wholly void and ineffective.

It is first contended that the title to Chapter 8297, Acts of 1919, under which the foreclosure was prosecuted, does not meet the requirements of Section Sixteen of Article Three of the Constitution of Florida. The title is as follows: "An Act to Provide for the Assessment and Collection of the Taxes for the Town of Lake Maitland."

Titles no more comprehensive have been held ample to comprehend any proceeding necessary for the assessment, levy and collection of taxes, including the advertisement, sale, and enforcement of the collection by foreclosure.

The asault on the Act in question was directed primarily at Section Twelve. We have examined this section and it attempts to set out in detail a scheme for the levy, assessment, and collection of delinquent city taxes. We cannot commend it as a paragon of certitude or completeness. It is in fact fraught with uncertainties that often inhere in Acts where meticulous details are sought to be defined, but we cannot see that it requires more of interstitial supply to make it articulate than courts and administrative offices are authorized to and do in fact frequently contribute. No fault is lodged against the manner of the procedure and the Act in its entirety is very similar to Chapter 5317, Acts of 1913, some phases of which were examined and approved by this Court in City of Orlando v. Giles, 51 Fla. 422, 40 So. 834.

But, it is contended that the foreclosure suit in question was not brought against the person in whose name the property involved was assessed. On this point the record discloses that Frank Adams, the party in whose name the lands were originally assessed, was long since deceased, that his widow, Mary Louise Adams, the plaintiff in error, and the heirs at law of Frank Adams were made parties defendant, so this objection becomes immaterial.

It is further contended that the Town of Lake Maitland was without authority to take possession of and dispose of property secured by it in a foreclosure proceeding.

We recognize the general rule that a municipality cannot become the purchaser of property at a tax sale without statutory authority, but there seems to be no doubt that such authority was vested in the municipality in this case. Sec-

tion 2942, Compiled General Laws of 1927, authorizes municipalities to acquire, hold and dispose of all kinds of property. The power to acquire lands at tax sale must necessarily be implied from Chapter 8297, Acts of 1919, and similar Acts of the Legislature. City of Orlando v. Equitable Building and Loan Association, 45 Fla. 507, 33 So. 986; Ranger Realty Co. v. Miller, 102 Fla. 378, 136 So. 546; Haynsworth v. Polk County Building and Loan Association, 111 Fla. 451, 149 So. 615; City of Sanford v. Dofnos Corporation, 115 Fla. 795, 156 So. 142.

Likewise we think the challenge to the jurisdiction of the parties and the subject matter in the foreclosure suit must fall. The plaintiff, Mary Louise Adams, admits that she was served with process and entered her appearance and that a decree *pro confesso* was entered against her. The Act in question authorized the Town of Lake Maitland to foreclose its tax lien in a Court of Equity and Sections 3000 and 5034, Compiled General Laws of 1927, are to like effect.

It is contended that Chapter 8297, Acts of 1919, being wholly void, the mortgage foreclosure under it was also void and cannot therefore be pleaded as *res adjudicata* to defeat the ejectment proceeding.

The ejectment action constitutes a collateral attack on the mortgage foreclosure. If the final decree in the mortgage foreclosure was void for any reason or was procured through fraud, it may be stricken down on collateral attack, but if procured under a valid act and the court had jurisdiction of the parties and the subject matter, even though irregular and defective, it cannot be set aside except by appeal or other appropriate proceeding.

If the mortgage foreclosure and the ejectment proceeding involve the same subject matter or if the mortgage foreclosure tends to establish a link in the chain of title to the

subject matter of the ejectment proceeding, an objection to its competency is a collateral attack, but if both proceedings involved different subject matters, an objection in this manner raises the question of *res adjudicata*. The doctrine of *res adjudicata* in other words admits the validity of the mortgage foreclosure but denies the effect claimed for it while the doctrine of collateral attack denies any validity to the mortgage foreclosure. Corpus Juris XXXIV, pages 511 and 748, Van Fleet on Collateral Attack, page 15, Bemis v. Loftin, *et al.*, 127 Fla. 515, 173 So. 683.

Plaintiff in error does not deny that the ejectment action is a collateral attack on the mortgage foreclosure. Since we hold that the Act under which the final decree of foreclosure was secured is valid, that the proceedings were regular, and that the court had jurisdiction of the parties and the subject matter, it is not subject to collateral attack.

This being the case, it follows that the judgment below must be and is hereby affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., agrees to the conclusion.