CHRISTINE VAN VALKENBURG and CHRISTINE VAN VALKENBURG, as Executrix of the Will of William Van Valkenburg, deceased, v. S. IDA RHODES.

182 So. 846.
Division B.
Opinion Filed April 14, 1938.
Rehearing Denied June 8, 1938.

*Wilkerson & Gaylord,* for Plaintiffs in Error;
*W. B. Hunter,* for Defendant in Error.

CHAPMAN, J.,—This cause is before the Court on writ of error to a final judgment in behalf of the defendant in the lower court. It is an action in ejectment tried in the Circuit Court of Lake County, Florida. The plaintiff offered in evidence at the trial of the case a tax deed in support of his claim of ownership of the title to the land involved in the suit. The defendant objected to the admission of the alleged tax deed in evidence on the grounds: "That said instrument is void on its face because it purports to be a tax deed but shows on its face that the assessment of the taxes for which said tax deed was issued were assessed against an estate, making said tax deed void." The lower court sustained the objection and directed a verdict for the defendant and final judgment was entered thereon and from said final judgment an appeal has been perfected here.

A recital in the tax deed is as follows: "Tax Certificate No. 601 from which it appears that the said land was sold by the Tax Collector of said County on the 7th day of August, 1933, for unpaid taxes for the year A. D. 1932, as the property of Ella R. Cram, Est." We have not been favored with a brief in this Court by counsel for defendant in error.

Counsel for plaintiff in error relies upon Chapter 14572, Laws of Florida 1929, Section 4389 C. G. L.; Sams v. King, 18 Fla. 557, Cowan v. Skinner, 52 Fla. 486, 42 So. 730; 11 Ann. Cas. 452. This Court has, from time to time, passed upon the assessment of taxes on the part of a Tax Assessor, such as when the land was assessed to "Est. P. B. Hamilton" as owner, and held that it was not a valid assessment under the law permitting property to be assessed in the name of the same owner as the year before. See Amos v. Jacksonville Realty & Mtg. Co., 77 Fla. 403, 81 So. 524; L'Engle v. Wilson, 21 Fla. 461.

We hold that the case at bar is ruled by Amos v. Jack-

sonville Realty & Mtge. Co., *supra*. The judgment appealed·from is hereby affirmed.

WHITFIELD, P. J., and BROWN. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

CHAPMAN, J.,—On petition for rehearing it is contended that the tax deed in question should have, by the lower court, been received in evidence when the cause was being tried. The tax deed is dated September 17, 1935, and the face thereof contains the following language: "Wm. Van Valkenburg has this day applied for a tax deed to certain lands . . . . has produced and surrendered to the Clerk Tax Certificate No. 601 from which it appears that the said land was sold by the Tax Collector of said County on the 7th day of August, 1933, for unpaid taxes for the year A. D. 1932, as the property of Ella R. Cram. Est." The lower court sustained the following objection made by counsel for defendant to the admission into evidence of the tax deed: "That the instrument is void on its face because it purports to be a tax deed but shows on its face that the assessment of the taxes for which the tax deed issued were assessed against an estate, making said tax deed void." We have examined the authorities cited by counsel for plaintiff in error in our effort to give due consideration to all contentions made.

We are face to face with a previous decision of this Court holding squarely against the contention of counsel for plaintiff in error as expressed in Amos v. Jacksonville Realty Co., 77 Fla. 402, 81 So. 524. This Court held therein that an assessment to "Est. P. B. Hamilton" was unauthorized and illegal. It is possible that plaintiff in error, considering the case at bar, has certain rights created or established under the tax deed offered in evidence, but

which in an ejectment action on review in this court, cannot be considered. We can rule only on the questions presented by the record. Careful consideration has been given to each contention and we are forced to adhere to the original opinion filed. The petition for a rehearing is denied.

WHITFIELD, TERRELL, BROWN, and BUFORD, J. J., concur.