FRANK C. PAUL v. CITY OF TAMPA

198 So. 583
Division A
Opinion Filed November 15, 1940

*Edmund J. McMullen,* for Appellants;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellee.

BUFORD, J.—Appeal brings for review decree dismissing bill of complaint in a suit by way of bill in the nature of bill of review. The bill specifically sought decree vacating a former final decree of foreclosure and adjudicating null and void defendant's title evidenced by a Master's deed issued and confirmed pursuant to the final decree of foreclosure. ·

The lien foreclosed in the former suit was a municipal paving lien certificate. All proceedings in the former suit were on the face of the record thereof valid. In that suit the court by due process acquired jurisdiction of the parties and the subject matter and was invested with power to enter a decree adjudicating the involved rights of the parties. This is unchallenged.

Plaintiff's instant suit is grounded on the allegation that the paving certificate which was the evidence of lien in the foreclosure suit was invalid because the municipality was

not authorized to issue the certificate against the involved lands in that "a petition for the paving of North B Street from the west line of Howard Avenue to the east line of Lincoln Avenue, which said petition shows on its face, together with the certificate of ownerships attached thereto, that it does not bear the signatures of the owners of two-thirds of the front footage of the property abutting that portion of North B Street therein petitioned to be paved, and that, therefore, the said petition is void for lack of the proper number of signatures."

The allegations of the bill of complaint were clearly available to the plaintiffs as a defense in the foreclosure suit. The complainants here had their day in court in the foreclosure suit and failed to interpose any defense though duly summoned to appear and defend therein. The final decree of foreclosure, entered more than seven years ago, became absolute by the running of time. See Malone v. Meres, 911 Fla. 709, 109 Sou. 677, wherein Mr. Justice BROWN writing the opinion for the Court very fully discussed the legal principles applicable to a case of this sort and enunciated the established controlling rule. See also Gamble v. Gamble Holding Corporation, 120 Fla. 340, 162 Sou. 886.

This case is differentiated from the case of City of Winter Haven, et al., v. Lake Elbert Citrus Fruit Co., 122 Fla. 422, 165 Sou. 360, because in that case it was shown that a legal fraud was perpetrated on the defendants in the lien foreclosure suit whereby they were lulled into inaction as to available defenses in the foreclosure suit and allowed a decree pro confesso and final decree to be entered upon the assurance that such defendants would get a reconveyance of the property after foreclosure for a sum much less than the face of the certificates, but the complainant city repudiated the agreement of its attorney and proposed, after the

final decree was so obtained, to sell the property to a stranger.

No such factual condition is present in this case.

For the reason's stated, the decree is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.