CITY OF FORT MYERS, a municipal corporation, et al., v. FLORIDA HEITMAN, a widow, etc.

5 So. (2nd) 410            En Banc
December 30, 1941.

Parker Holt, and Treadwell & Treadwell, for petitioners.

Sheppard, Clements & Woolslair, for respondents.

WHITFIELD, J.:

In Boley v. Hilbun, 124 Fla. 583, 169 So. 409, a suit to foreclose tax liens, it was definitely decided that tax sale certificates are not void and subject to cancellation because the assessments were not made to owner but in the name of a person or firm that had no existence when legal taxes due on the property had not been paid. The opinion in that case states that since the cases of City of Orlando v. Giles, 51 Fla. 423, 40 So. 824, and Florida East Coast Fruit Land Co. v. Mitchell, 80 Fla. 291, 85 So. 661, the law affecting such assessments has been materially changed. Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 438, is cited in the Boley opinion.

The opinion in the Hefty case above cited, states the effect of statutes referred to in the main opinion in the case, in modifying the pre-existing rules relating to the defects in tax assessments as made on the tax rolls, and also cites Dewhurst v. City of St. Augustine, 91 Fla. 314, 107 So. 689, which states the

rules in suits in equity brought by a taxpayer to cancel erroneous tax assessments when *legal taxes* due on the property had not been paid. See also .80 Fla. text page 296.

In West Virginia Hotel Corp. v. Foster, 101 Fla. 1147, text page 1166, 132 So. 842, involving municipal tax assessments, it is said that Section 1008 and cognate statutes "appear to be substantially in line with the practice of courts of equity, even in the absence of statutes." The equity procedure is stated in the Dewhurst case, supra, and the statutory regulations are discussed in the Hefty and Boley cases, supra.

In Van Valkenburg v. Rhodes, 136 Fla. 406, 182 So. 846, an action in ejectment to try title to lands sold for taxes, it was held that a tax assessment made "as the property of Ella R. Cram Est." is void. Such holding had reference to the sufficiency of the assessment as a muniment of title to land sold to a purchaser at a tax sale, and not as affecting the duty of the taxpayer to pay taxes legally due under the statutes and the rule in equity when the taxpayer seeks to cancel the tax assessment as made on the tax roll. See also L'Engle v. Wilson, 21 Fla. 461.

In Amos v. Jacksonville Realty and Mortgage Co., 77 Fla. 403, 81 So. 524, the suit was to have tax assessments invalidated, but the decision was rendered before the controlling statutory and equity rules were stated in the Hefty and Boley cases and in the Dewhurst case cited above, and it does not appear that demand was made for payment of taxes legally due by the taxpayer. Likewise as to City of Orlando v. Giles, 51 Fla. 422, 40 So. 834, where the suit was brought against the taxpayer to enforce the tax which had been illegally assessed. See 111 Fla. 538, 149 So.

187. The Circuit Courts have jurisdiction "in all cases involving the legality of any tax assessment or toll" Sec. 11, Art. V, Constitution.

The principle established for State taxation by Section 894 C.G.L. as amended in 1929 and 1935, which principle of taxation is applicable to all property taxation under Section 5, Article IX, of the Constitution, is that no act of omission or commission in making assessments for ad *valorem* taxation shall operate to defeat the payment of duly authorized taxes, but any such acts of omission or commission may be corrected at any time, and when so corrected shall be valid ab inito and the assessment enforced. See also Sections 1008 and 1038 in connection with Section 5034 (3228) C.G.L. referring to enforcement of taxes.

The title and Section 11, Chapter 19833, Acts of 1939, are as follows:

"An Act Providing a Method for the Collection of Taxes Levied and Assessed in the City of Fort Myers, Florida, and Providing for the Enforcement of the Collection of the Said Taxes in Case the Same Are Not Paid and Become Delinquent and Prescribing the Powers and Duties of the Various Officers With Reference to the Collection and Enforcement of the Said City Taxes and Providing That When a Certificate Held by the City of Fort Myers, Florida, Becomes Two (2) Years Old, Title to the Land Described Therein Shall Vest in the City of Fort Myers, Florida, and Providing the Terms, Conditions and Procedure for the Sale of Said Land by the City of Fort Myers, Florida, After the Same Has Vested in the Said City and Providing the Effect of Deeds Issued by the City of Fort Myers, Florida, Hereunder and Rules for

Their Construction Providing the Manner of the Construction of the Act and Providing That It Shall Be Accumulative to Any Other Method of Enforcing the Collection of Such Taxes; and Providing for the Manner by Which the Same Shall Become Effective.

"Section 11. No deeds given by the City of Fort Myers, Florida, as hereinabove set forth for any sale of land which has vested in the City of Fort Myers, Florida, by virtue of having sold for City taxes of the City of Fort Myers, Florida, and certificates issued therefor, which were redeemed for a period of at least two (2) years, shall be set aside or deemed to be ineffectual to convey title because of any defect of description of the premises in the tax roll, in the tax sale certificate, in the advertisement of sale, in the deed or in any other document, notice or paper prescribed herein, provided the description given is sufficient to describe the premises with reasonable certainty, nor because of any defect in the form of execution of the tax rolls, or Assessor's warrant, or advertisement of sale, or tax sale certificate, or deed, or any notice, document or paper prescribed herein, or because of any failure to publish the notice of sale, providing at least one publication of such notice was actually made or because the taxes were assessed, extended or sold without giving the correct name or any name of the owner of the premises or because of any other matter or thing whether hereinabove expressly enumerated or not, save and except that the premises sold were not liable for the taxes or that the taxes thereon had been paid at the date of sale. If any deed given by the City of Fort Myers, Florida, or any certificate sold to an individual be invalid for either of the two (2) reasons last given the City of Fort

Myers, Florida, shall upon application therefor, refund to the purchaser of the lands so sold or of the lands so sold to the City of Fort Myers, Florida, and by it sold to him, the amount of the City taxes received in connection therewith. All tax deeds issued by the City of Fort Myers, Florida, pursuant to this Act shall be and are hereby declared prima facie evidence of the regularity of all proceedings from the first proceedings in making the assessment to the date of the deed or deeds, inclusive, and shall be so received in evidence in any and all courts of the State without regard to the date of execution and no defense shall be permitted thereto except that the land was not subject to the taxes or that the taxes had been paid prior to the date of sale."

The quoted statute is not shown to be unconstitutional. It accords with the principle stated in Section 894 C.G.L. above.

If errors in making tax assessments on the rolls are not corrected, that does not affect the duty to pay or the authority to collect the tax when it is duly authorized by law, though an error in making the assessment on the tax roll may render the assessment defective as a muniment of title for purchasers of the property. And such errors in assessments may be excessive or discriminatory valuations of property for assessment or in stating the name of the owner on the tax rolls.

The statutes referred to in effect require courts in cases seeking relief from alleged unjust tax assessments to apply principles like those announced in Dewhurst v. City of St. Augustine, 91 Fla. 314, 107 So. 689, and followed in Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 439, and other cases, which

statutes and judicial decisions modify previous judicial decisions as to what are the rights of taxpayers who have not paid taxes that are due when the amounts are alleged to be "void" as distinguished from merely "voidable" *tax assessments* upon tax rolls, it not being shown that the *tax levies* were not made pursuant to law as required by Section 3, Article IX, of the State Constitution.

In determining the validity of an assessment for ad valorem taxes when the taxpayer plaintiff has not paid the taxes legally collectable, but seeks cancellation of the amounts, an essential consideration is the difference between an illegal or an unauthorized *tax levy* and an illegal or unauthorized *tax assessment* as made on the tax rolls. An unauthorized *tax levy* may make the tax assessment void even as to the taxpayer. See Dickerson v. Acosta, 15 Fla. 614; City of Winter Haven v. Lake Elbert Citrus Fruit Co., 122 Fla. 422, 165 So. 360. An error in the administrative process or form of making a tax assessment upon the tax rolls does not nullify the assessment of a tax that is duly authorized by law so as to cancel the assessment at the suit of a taxpayer who has not paid taxes due on the assessed property though the assessment may be ineffectual as a muniment of title to a purchaser. See Van Valkenburg v. Rhodes, 136 Fla. 406, 182 So. 846. A particular assessment on the rolls may be corrected if the *tax is duly authorized by law* and the entire tax roll is not duly adjudged to be invalid as a whole, as in Coombes v. Coral Gables, 124 Fla. 374, 168 So. 524.

In this case it is not alleged that the tax levy violates Federal law regulating the extent of permissible tax levies, as in Roberts v. American National Bank

of Pensacola, 97 Fla. 411, 121 So. 554, and Dickerson v. Acosta, 15 Fla. 614; or that the *tax levy* is not made in pursuance of State law, City of Winter Haven v. Lake Elbert Citrus Fruit Co., 122 Fla. 422, 165 So. 360; Coombes v. City of Coral Gables, 124 Fla. 374, 168 So. 524, and other cases where there was no authority of law for *levying the taxation* assessed, or the entire assessment roll is invalid. There are no allegations to take this case out of the general equity rules of procedure where a taxpayer seeks cancellation of a tax lien when taxes are legally due thereon but have not been paid. See also Section 11, Chapter 19833, Acts of 1939, applicable to the City of Fort Myers.

It is in effect alleged that tax assessments of plaintiffs' business property in the city as made by the city tax assessor on the city tax rolls for the years 1936, 1937 and 1938, are illegal in that the assessor used illegal means or methods in ascertaining or determining the assessable value of the property resulting in an intentional unjust discrimination and excessive valuation of plaintiffs' real estate, thereby unlawfully and unjustly increasing the tax on plaintiffs' property and violating planitiffs' organic property rights; and that for the years 1936 and 1937 the property was illegally assessed to "H. C. Heitman est.," thereby, it is alleged, making the assessments for 1936 and 1937 "void and of no effect." The prayer is that the taxes levied against plaintiffs' lands be cancelled. These allegations do not go to the legality of the *tax levy,* but go merely to the correctness of the *tax assessment of plaintiffs' property as made on the tax rolls*. Such allegations do not show the assessments to be null and void as claimed. See Boley v. Hilbun, 124 Fla.

583, 169 So. 409, though the assessments are erroneous as to the name of the owner of the property assessed. As to allegations of excessive valuations for tax assessments where the *tax levy* is authorized by law, see Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 439, under the statute, and Dewhurst v. City of St. Augustine, 91 Fla. 314, 107 So. 689, as to proceedings under equitable principles and rules. See City of Bradenton v. S.A.L. Ry. Co., 100 Fla. 606, 130 So. 21; W. Va. Hotel Corp. v. Foster, 101 Fla. 1147, 132 So. 842; Hackney v. McKenny, 113 Fla. 176, 151 So. 524; Draughon v. Heitman, 124 Fla. 24, 168 So. 838; City of Tampa v. Mugge, 40 Fla. 326, 24 So. 489; City of Tampa v. Wiley, 137 Fla. 126, 128, 188 So. 134; City of Tampa v. Colgan, 121 Fla. 218, 163 So. 577.

It is not essential that the errors in the assessments be corrected in fact in a proceeding of this nature, because equity will consider that done which should have been done, and *upon payment* of the taxes found to be legally due, the equitable relief will then be granted. While in such cases the plaintiff must do equity, it is not necessary in *all* cases to expressly offer to do equity in the bill, and the bill may not always be dismissed solely for failure to so offer, though the court may require such offer in proper cases; but equitable relief will not be decreed until plaintiff does equity as required by the court of equity or by the law as interpreted by the courts.

In paragraph XIII of the third amended bill of complaint there is an offer ·to do equity by paying taxes legally due for each of the years 1936, 1937, and 1938.

In the amendment to the third amended bill of complaint "plaintiffs strike from said third amended bill

paragraphs XII and XIII and the prayer thereof" and adds a paragraph XII as well as a paragraph XIII to the third amended bill in which latter it is in effect alleged that for the years 1936 and 1937 the described property "was assessed as the property of H. E. Heitman Est." and offers to pay taxes for the year 1938 which the court may decree to be justly due; and in effect prays that the taxes due for 1938 be determined; and that the assessments for 1936 and 1937 be declared null and void and cancelled.

If it can be proven that the valuations of respondent's property as made for ad valorem tax assessments are unjustly discriminating and substantially excessive as alleged for either of the years 1936, 1937 or 1938, it would be inequitable to deny an opportunity to so prove by dismissing the bill of complaint, even though the property was not returned for taxation as required by law and even though the plaintiffs delayed for over three years in presenting the question as to the effect of the error in the name of the owners of the property in the assessments as made on the assessment rolls, which delay would prevent a reassessment *if necessary.*

Complaint as to *the valuations* of the property for tax assessments were made to the Equalizing Board. The error in the name of the owner of the property being on the face of the assessment, it could have been corrected under Section 5082 (3274) C.G.L. See City of Tampa v. Mugge, 40 Fla. 326, 24 So. 489. Though there was some apparently unnecessary delay in bringing this equity suit, there are allegations of illegal valuations of the property for taxation and an offer to do equity by paying taxes found to be legally due as to 1938. Equitable procedure and relief are

within the judicial control of the courts as to the years 1936 and 1937, as well as for 1938.

The equitable remedy in a case of this nature requires no re-assessments or actual corrections of the assessments as made. Appropriate relief may be decreed if and when the taxes legally due are paid. This is the result under the laws of this State, whether the assessments as made are characterized as being erroneous or voidable or as being null and void, because of unjust discriminations or excessive valuations of the property assessed, or because the names of the owners of the property were incorrectly stated on the assessment rolls, where the *tax levy is duly authorized by law*. The duty to pay *legal tax levies* is imposed by law even though there be *errors* in making up the assessment rolls, the entire tax rolls not being invalid, as in the Coombes case where there was illegality in the *tax levy* as well as in the assessments on the entire roll.

The court will not be held in error for denying the motion to dismiss the bill of complaint since an offer to do equity is not essential in all cases to state an equity. City of Orlando v. Equitable Bldg. & Loan Ass'n, 45 Fla. 507-517, 33 So. 986. Equitable relief will be decreed only if plaintiff does equity as may be required by the court or by specific law, and there are allegations of unjust discriminations and excessive valuations in assessing respondent's property in 1936 1937 and 1938.

The order denying the motion to strike a part of the amendment to the third amended bill was quashed, since the allegations to be stricken do not show the assessments to be null and void on the ground of error in stating the name of the owner of the property or because of unjustly discriminating and excessive valu-

ations of the property assessed, as contended. The assesment is merely erroneous in stating the name of the owner of the property assessed; and it is not necessary to correct the error in the assessments to decree equitable relief when the tax that could legally have been assessed has been determined as directed by the court and paid in due course.

Discussions in the main opinion, as in this, relative to discriminatory and excessive valuations of property for ad valorem taxation, apply to the years 1936, 1937 and 1938.

The petitions for rehearing are severally denied.

BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., dissents.