H. C. Shuptrine, *et ux., et al.,* v. Wohl Holding
Corporation

3 So. (2nd) 524
En Blanc
Opinion Filed February 25, 1941
On Rehearing July 30, 1941

*J. Lewis Hall,* for H. C. Shuptrine; *J. Tom Watson,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for Petitioners, Trustees of the Internal Improvement Fund of Florida and Myrtle M. Culbreath, their agent; (*Millard B. Conklin,* Assistant Attorney General, replacing H. E. Carter on rehearing).

*Worth, Bivens & Lively* and *W. S. Rodgers, Jr.,* Attorneys for Respondent.

TERRELL, J.—Pursuant to Chapter 18296, Acts of 1937, better known as the Murphy Act, the Trustees of the Internal Improvement Fund, conveyed to H. C. Shuptrine certain lands in Hillsborough County. The respondent Wohl Holding Company, the former owner of the lands, brought this suit seeking to have the deed to Shuptrine cancelled as a cloud on its title. Motions to dismiss the bill of complaint as amended were denied and appeal by Certiorari was taken to this Court.

It is contended that Section 9 of Chapter 18296 is invalid for sundry reasons not essential to detail here, that it failed to vest title to the lands in question in the State of Florida, that this is in effect a suit against the State and that the sale by the Trustees of the Internal Improvement Fund to Shuptrine conveyed no title because the proper notice was not given or published as required by law and for other good and sufficient reasons.

The validity of Chapter 18296 was before this Court in State ex rel. Hurner vs. Culbreath, 140 Fla. 634, 192 So. 814, and other cases where its validity was fully considered and upheld. We do not deem it

necessary to discuss further the constitutional validity of the act at this time but rest that question on the foregoing cases.

We have examined the record and the briefs in the present case and we have reached the conclusion that in equity the Respondent should be permitted to redeem the lands brought in question if, as is alleged, when it applied for and paid the taxes for 1933 and 1934, the tax collector did not advise him that there was an outstanding tax certificate for 1932 which was held by the State and unpaid. In this connection it is shown that Respondent acquired title to these lands March 15, 1934, that the certificate in question was issued September 4, 1933, that immediately after acquiring title Respondent as had been his custom, applied to the tax collector to pay all taxes due thereon and was furnished a sum which he paid and was not advised that any other sums were due.

Respondent went into immediate possession of the lands, was in possession of them at the time the sale was made to Shuptrine and still is in possession of them, has kept the taxes paid and the lands represented an investment of four thousand dollars to Respondent.

We also hold that the Plaintiff is entitled to relief if, as is alleged, the sale was made by the Trustees of the Internal Improvement Fund without notice of such sale being sent to the last known owner or the last known taxpayer, as required by the rule adopted by the Trustees pursuant to the provisions of Section 9 of the Act.

Other issues tendered by the allegations of the bill of complaint and insisted on here to support the order challenged present questions of law which must be

determined in conformity with the contentions of appellant, but the allegations tendering issues of fact are sufficient to show substantial equity in favor of plaintiff.

The writ of certiorari is accordingly granted; the order is affirmed and the cause remanded with directions for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

BROWN, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

ADAMS and BUFORD, J. J., dissent.

### ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing the case was reopened and briefs were permitted to be filed on the merits. It is urged in the brief of petitioners that Section Nine of the Murphy Act is a statute of limitations, that the suit is one against the State and cannot be maintained, that there was no duty on the Tax Collector to furnish the statements of taxes for 1935 and subsequent years as requested and that the failure of the Trustees of the Internal Improvement Fund to give notice to respondent cannot affect the sale.

Most of these questions have in the main been answered by former adjudications of this Court and will not be further discussed in this opinion. In our former opinion, we held in substance that respondent should in equity be permitted to redeem the lands in question if, as is alleged, when it applied for and paid the taxes for 1933 and 1934, the tax collector did not advise him that there was an outstanding tax certifi-

cate for 1932 which was held by the State and unpaid. This opinion is limited to the equity we had in mind.

The equity permitting redemption is this: It is shown that Respondent's taxes were paid for 1931 and prior years. There were accordingly no frozen taxes or tax certificates to be affected by the Futch Act, Chapter 16252, Acts of 1933, as later amended by Chapter 17400, Acts of 1935. The general law, Sections 947 and 984, Compiled General Laws of 1927, require that when tax certificates are issued, the assessor shall not extend the taxes on the rolls and that the tax collector shall not accept the taxes on the lands so certificated for subsequent years. The certificate in question was issued in 1933 for taxes of 1932.

In other words, prior to the Futch Act, as amended by Chapter 17400, Acts of 1935 the assessor and collector extended and collected current taxes of respondent contrary to law, there being an outstanding certificate for 1932 taxes while after the passage of the Futch Act, as amended by Chapter 17400, Acts of 1935 the collector refused to accept respondent's taxes for the years subsequent to 1934 when he was required to do so if respondent tendered them before they were delinquent, which was done. "The 1932 tax certificate would have been frozen under the Futch Act as amended by Chapter 17400, Acts of 1935 if the law had been observed, and the taxes for 1935 and subsequent years had been accepted." It is admitted that the 1933 and 1934 taxes should not have been paid to the tax collector but he accepted them and confused the taxpayer.

Cooley on Taxation (4th Edition, Vol. 3, Section 1272, page 2533) and the authorities generally hold

that when the owner of an interest in land applies in good faith to the proper officer for the purpose of ascertaining the amount of taxes and of paying the same and is prevented by such officer's mistake, wrong, or fault, such attempt to pay is generally regarded as equivalent to tender; at least so far as to invalidate any subsequent sale of the property for such taxes.

We are accordingly convinced that in view of these equities, the confusion and error that was shown to have been committed by the taxing officers and the effort made in good faith by respondent, it should be permitted to redeem the lands in question. Taking one's property away from him is a serious matter and it should not be permitted by processes akin to that in which the spider weaves her web to entangle a fly.

The judgment filed herein on February 25, 1941, is reaffirmed on rehearing.

WHITFIELD, TERRELL, BUFORD, CHAPMAN, a n d THOMAS, J. J., concur.

BROWN, C. J., and ADAMS, J., dissent.

ADAMS, J., dissenting.—I dissent from the opinion on rehearing because the equity set forth in the majority opinion relates to the wrongful act of the assessor in returning the property to the roll in 1933 and subsequent years. This was not only proper but was required by Section 3 of Chapter 16252, General Laws, otherwise known as the Futch Act.

I differ with the opinion stating:

"The 1932 tax certificate would have been frozen under the Futch Act if the law had been observed, and the taxes for 1935 and subsequent years had been accepted."

The Futch Act of 1933 froze only 1931 and prior tax liens.  See Section 1 of said Act.

The certificate was issued according to law in 1933. Respondent purchased the property in 1934 and was charged with notice of the outstanding certificate. The clerk of the court was by law the custodian of the certificate and no inquiry was made of him about same.

BROWN, C. J., concurs.