**C. C. GREEN AND MARY E. GREEN v. W. GREGORY SMITH, as Trustee Under Declaration of Trust recorded in Deed Book 44, pages 504 and 505, Clay County, Florida, Public Records.**

26 So. (2nd) 181　　　　　　　　　　　　　　January Term, 1946
May 24, 1946　　　　　　　　　　　　　　　　　　Division A
Rehearing denied June 11, 1946

*T. J. Jennings, Jr.,* for petitioners.

*E. E. Hazard, George W. Thames* and *Hazard & Thames,* for respondent.

BUFORD, J.:

On Certiorari under rule 34 we review an order of the Circuit Court denying motion to dismiss bill of complaint.

The bill of complaint contained the following allegations:

"That on or about February 16, 1944, Clay County, Florida, a political subdivision of the State of Florida filed its

bill of complaint in this court seeking to foreclose certain lands in Clay County, Florida, upon which taxes were delinquent, pursuant to chapter 22079, Laws of Florida, Acts of 1942, among which lands was the above described real estate; that a final decree was entered in such foreclosure suit on July 3, 1944, decreeing that the fee simple title to the above described real estate be vested in Clay County, Florida, which said final decree is recorded in Chancery Order Book 13, page 70 of the records of this Court, reference to which is hereby prayed.

"That on the 30th day of September, 1944, Clay County, Florida, a political subdivision of the State of Florida, through its county commissioners deeded the said real estate to one C. C. Green, defendant herein a certified copy of said deed being attached hereto and made a part hereof, and marked Exhibit 'E' said deed being recorded in Deed Book 47, page 35 of the records of Clay County, Florida."

The bill of complaint does not allege that in the suit by the county to quiet title the provisions of chaper 22079, Acts of 1943, were not all strictly complied with. Nor does it make Clay County a party defendant in the present suit.

The prayers of the bill are:

"(1) That the said deed from Clay County, Florida, a political subdivision of the State of Florida, to defendant C. C. Green recorded in Deed Book 47, page 35, of the records of Clay County, Florida, conveying Lot 3, Block 26, according to a plat of Orange Park, recorded in Plat Book 1, page 23 of the public records of Clay County, Florida, be canceled and declared null and void, and the Clerk of this Court be directed to expurge said deed from the records of Clay County, Florida.

"(2) That the plaintiff herein be permitted to pay any taxes that are determined by this Honorable Court to be due on said premises.

"(3) And for such other specific and general relief that this Honorable Court may deem equitable, and your Plaintiff will ever pray, etc."

If the provisions of chapter 22079, supra, were strictly complied with and a decree of a court of competent jurisdic-

tion was entered quieting title to the lands in the county, then the land-owner has had his day in court. See Pinellas County v. Banks, 154 Fla. 582, 19 So. (2nd) 1; Leon County v. Crawford, 158 Fla. 604, 15 So. (2nd) 321. If that decree appeared valid and regular on the record the defendants in the court below were entitled to rely on it as adjudicating a new and independent title vesting in the county. The bill of complaint alleges the existence of no irregularity in the proceedings to quiet title in the county appearing on the record and alleged no knowledge on the part of defendants of any irregularity which is alleged to have occurred prior to the institution of the suit by the county to quiet title under the provisions of chapter 22079, supra.

The cases of Shuptrine v. Wohl Holding Corporation, 147 Fla. 185, 3 So. (2nd) 524, and Moore v. Wesley E. Garrison Inc., 148 Fla. 653, 5 So. (2nd) 259, are not applicable here because in neither of those cases had there been any adjudication by a court of competent jurisdiction of title in the vendee under whom the defendant acquired conveyance of title.

The allegations of the bill of complaint hereinabove quoted are sufficient to preclude the plaintiff from relief in this suit. Therefore, certiorari is granted and the challenged order quashed with directions that an order be entered granting the motion to dismiss.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.