J. C. STEWART v. LIZZIE POWELL, et al.

28 So. (2nd) 879          January Term, 1974
January 28, 1947          Division B

*Mercer P. Spear,* for appellant.

*J. M. & H. P. Sapp,* for appellees.

BUFORD, J.:

In the year 1938 appellant purchased the outstanding tax certificates on the property involved in this case, under the provisions of Chapter 18,296, Acts of 1937, known as the "Murphy Act." On November 5th 1945 appellant obtained a tax deed to said property, based upon said tax certificates, appellees being then in possession of said property. On January 7th 1946 appellant filed his declaration of ejectment against appellees, filing therewith a copy of said tax deed as Bill of Particulars. On February 21st 1946 appellees filed

"Objections to tax deed as proof of title" upon the ground that the tax certificate upon which the deed was issued covered lands which at the time plaintiff acquired the certificate constituted the homestead of the owner then in possession. Hearing was had on said "Objections," and at such hearing the trial court entered its order sustaining said "Objections" and barring said tax deed from admission in evidence at the trial, said Order being a Final Judgment against the Appellant. Whereupon, on April 30, 1946, Appellant filed his Notice of Appeal. On May 4, 1946, Appellant filed his Assignment of Errors, assigning as error the trial court's Order sustaining appellee's "Objections to tax deeds as proof of title.

So the only question necessary for us to determine is whether or not under the provisions of Section 11 of Chapter 18,296 Acts of 1937 as reinacted as Section 192.36 Fla. Statutes 1941 (same F.S.A.) is valid.

The section is as follows:

"192.36. Homesteads; Certificates Purchased Under Murphy Act.—In the event any tax certificate, together with subsequent or omitted taxes, encumbering a homestead was purchased under chapter 18.296, acts 1937, by any person, not the owner of the land described in such certificate, then at the expiration of ten years from the date of such sale of such certificate such purchaser shall have the right to apply for tax deed, as provided by law, for land described in such certificate; provided, that for ten years from date of sale of such certificate the person who held title to said land on date said certificate became two years old, his grantee or legal representative or anyone holding a lien on such land shall have the right to redeem such land from such certificate by the payment of the amount bid therefor plus three per cent per annum from the date of sale of such certificate together with all costs paid in connection with sale of said certificate."

Appellant's contention is that this section is invalid because it conflicts with the general purposes of the act as declared in the preamble to Chapter 18.296, supra, and is discriminatory in favor of homesteads. We find no merit in the contention. Our Constitution discriminates in favor of homesteads in connection with taxation and in other respects.

We think it was competent for the legislature, if it had seen fit to do so to authorize the complete cancellation of all outstanding tax certificates issued against homesteads with an assessed valuation of $5,000.00 or less and falling within the purview of Chapter 18,296, supra.

So it is when it is shown by the record that the tax sale certificate was one falling within the purview of Chapter 18,296, supra, and that it was purchased by and assigned to a person not the owner in the year 1938 and that the certificate at the time of the purchase and assignment covered lands which were then occupied by the owner as a homestead, then no tax deed could be lawfully issued pursuant to such tax sale certificate until the expiration of ten years from the date of the purchase and assignment of the certificate.

All the requisite facts as above stated are shown by the record.

Therefore, the tax deed was prematurely issued and is invalid and passed no title to the appellant.

It is not needful for us to discuss other questions presented.

No reversible error being made to appear, the judgment is affirmed.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.