**W. GREGORY SMITH, as Trustee under Declaration of Trust, Recorded in Deed Book 44, pages 504 and 505, Clay County, Florida, public records, v. C. C. GREEN.**

31 So. (2nd) 925                June Term, 1947
July 18, 1947                      En Banc
Rehearing denied September 13, 1947

*Smith & Axtell and Hazard & Thames,* for appellants.

*T. J. Jennings, Jr.,* for appellee.

BUFORD, J.:

Appeal brings for review order of the Circuit Court dismissing bill of complaint with prejudice. This is the second appearance of the case in this Court. See Green et al. v. Smith, 157 Fla. 454, 26 So. (2) 181.

It was pointed out in our opinion on the former appearance here that the bill of complaint then under consideration did not allege that in the suit by the County to quiet title the provisions of Chapter 22079, Acts of 1943, were not strictly complied with and that the bill of complaint did not make Clay County a party defendant in the present suit. On the going down of the mandate, plaintiff in the court below filed his motion and prayed leave to file an amended bill of complaint. To the motion he attached his proposed amended bill of complaint. The defendant filed objections to the filing of the proposed amended bill of complaint. After hearing on the motion and objections, the court entered its order denying plaintiff leave to file the proposed amended bill of complaint and dismissed the cause with prejudice.

To this order appeal was taken.

In the proposed amended bill of complaint plaintiff made Clay County and the Board of County Commissioners of Clay County parties defendant.

The proposed amended bill of complaint alleged that Clay County did not in the suit to foreclose the tax liens therein involved strictly follow the provisions, conditions and requirements of Chapter 22079, Laws of Florida 1943, in certain specified particulars, as follows:

"1. In that the said Bill of Complaint filed in said foreclosure suit failed to allege sufficient facts to show that the taxes on the above described real estate were regularly levied and were not paid.

"2. That the said Bill of Complaint failed to sufficiently describe the levies and nonpayment of the taxes and the pe-

riod for which said taxes were delinquent as applicable to said real estate.

"3. That the Clerk of the Circuit Court of Clay County, Florida, in his certificate failed and neglected to state that the taxes on said real estate were regularly levied, and the years of said levy, or the years tax certificates were issued to the State of Florida or said Clay County.

"4. That said bill of complaint .which was filed in said cause fails to allege sufficient facts to show that tax certificates evidencing nonpayment of taxes were regularly issued against said real estate and that the certificates were more than 2 years old as required by said Chapter."

"11. That the said Bill of Compalint failed to meet the requirements of Section 194.47 (1) Florida Statutes, 1941, as amended, in that said bill does not describe the levy of taxes, the non-payment of same, or the years or period or periods of said delinquent tax levy."

Attached to the proposed amended bill of complaint and made a part thereof there was a copy of the allegations of the bill of complaint in the foreclosure suit.

Sec. 194.47 Fla. Statutes 1941 (same F.S.A.) describes the indispensable allegations which must be contained in a bill of complaint to foreclose tax liens by counties holding such liens under the laws of Florida. It is as follows:

"*On and after two years have elapsed from the date of the certificates issued* at the Tax Collector's Sale of delinquent taxes on all such lands as are bid off by him for the county and which taxes have not been redeemed or purchased, *and within ninety days following the expiration of such period of two years, the Clerk of the Circuit Court shall prepare a complete schedule or list in triplicate of all such lands,* and he shall retain one such list or schedule in the files of his office, *and he shall deliver one such schedule or list to the Board of County Commissioners, duly certified by him, the receipt of which schedule or list shall be recited in their minutes. Within ninety days after such receipt, such Board shall cause the filing of a Bill of Complaint* in the Circuit Court of the County, in the name of the county, and against any and

all of the lands described in such schedule as defendant, which Bill of Complaint *shall briefly describe the levies and non-payment of taxes which are delinquent for the period* aforesaid; and there shall be attached to such Bill of Complaint a true copy of such schedule or list of lands furnished and duly certified by the Clerk. It shall not be necessary to name as defendant in such Bill of Complaint, or proceeding, any person or persons owning or having any interest in or lien upon such lands." (Underscoring supplied.) See 1945 Supplement, Fla. Statutes 1941 (same F.S.A.), Chapter 22079 Acts 1943.

It is elementary that in cases of this sort requirements of the statutes must be strictly followed to entitle the plaintiff to relief under such statutes. Amongst other things, this statute requires that the bill of complaint "shall briefly describe the levies and non-payment of taxes which are delinquent for the period aforesaid; and there shall be attached to such Bill of Complaint a true copy of such schedule or list of lands furnished and duly certified by the Clerk."

This quoted provision relating to the bill requires that the bill shall with certainty describe the land proceeded against and shall state with reasonable certainty or by reference to a certain numbered tax sale certificate, the tax liability as to the year and amount sought to be enforced against such land.

These facts could be shown by specific allegations in the bill regarding each and every of such levies, or they could be shown by appearing on the complete schedule or list required to be made in triplicate by the Clerk as to lands so involved.

If the bill of complaint had shown by apt words and figures the year in which each certificate was issued, the number of the certificate and an accurate description of each parcel of land to which the so numbered certificate applied, and that such certificates were then in the Clerk's Office, the above stated requirements would have been met and due process afforded. This is true because under the statute every person has notice that taxes are due and payable and when not paid become delinquent, and the publication of the notice showing these facts would have been sufficient to advise the

land-owner of all material facts to enable him to redeem his land.

By Section 194.47 (1) the Clerk of the Circuit Court of Clay County was required to make a list of the property showing the taxes in default against it. He was supposed to give the legal description and the attorney for the county may have had the privilege or duty to bring the bill against the property properly described even to the extent of curing the errors and omissions of the Clerk of the Court.

The property involved here is Lot 3, Block 26, according to Plat of Orange Park recorded in Plat Book 1, page 23, of the Public Records of Clay County, Florida.

The proceedings had in Clay County for the enforcement of the tax liens were against "Lot 3, Block 26, Orange Park, Sec. 2."

By Section 194.47 (1) F.S.A. a suit against the land was authorized. It was authorized to be brought "against the land" to enforce the lien for taxes held by the county, such lien evidenced by the tax sale certificates bid off by the Tax Collector for the County—a tax lien sale and not a sale of land. In order to satisfy "due process" proceedings in rem must strictly follow the law, especially as to notice. Section 194.47 (2) F.S.A. requires that the notice "describe the lands involved."

It is true that the bill of complaint contains some allegations with reference to lack of sufficient notice to landowner which should be eliminated. See Reina et al., v. Hope, 158 Fla. 771, 30 So. (2) 172. In that case we had before us proceedings to foreclose a municipal tax lien and the provisions of Sec. 173.04 Florida Statutes 1941 (same F.S.A.) were involved while here the provisions of Sec. 194.47 Fla. Statutes 1945 Supplement to Fla. Statutes 1941 (same F.S.A.) are involved. The provisions of the two statutes are not identical but the requirements are substantially the same and what would constitute notice sufficient to satisfy the requirement of due process under one statute would do likewise under the other.

The bill of Clay County against the land did not meet the requirement of equity pleading or the statute.

We, therefore, hold that the proposed amended bill of complaint contained equity and sufficient allegations to require an answer. The Court below committed error in denying plaintiff the privilege of filing his proposed amended bill of complaint and in dismissing the cause.

The order and decree appealed from is reversed with directions for proceedings to be had according to law and equity.

So ordered.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS and BARNS, JJ., and PARKS, Associate Justice, concur.