## CHARLOTTE GOLDEN, LUCY ANN McNISH, HARRIETT SINGLETON and NISI McNISH v. H. McL. GRADY.

34 So. (2nd) 877

Jaanuary Term, 1948

February 6, 1948

Division A

Rehearing denied May 7, 1948

*J. B. Hodges,* for appellants.

*Brannon & Brown,* for appellee.

TERRELL, J.:

In September 1946, appellee, hereafter referred to as the plaintiff, instituted suit in ejectment to remove appellants, hereafter referred to as defendants, from the South West quarter of the South West quarter of Section 9, Township 7 South, Range 17 East, in Columbia County. Plaintiff says he deraigned title by deed from the Trustees of the Internal Improvement fund, dated October 6, 1943, the title to said lands having reverted to the State for non-payment of taxes. It is also contended that defendants had no title or color of title because their predecessors in title, Henry McNish and wife, conveyed said lands to High Springs Bank December 13, 1913, and the bank never reconveyed to them.

Defendants filed pleas and bill of particulars showing title deraigned from Joseph Goodbread by deed dated January 10, 1905. Objections were sustained to said pleas by motion to strike and defendants filed amended pleas with a new bill of particulars. These were likewise held to be insufficient and a default was entered against defendants. Additional pleas with a third amended bill of particulars were then proffered but were overruled and final judgment was entered for the plaintiff. This appeal was prosecuted from the latter judgment.

The gist of the defense proffered to overcome plaintiff's claim of title is that defendants are the widow and daughters of Henry McNish, that they have owned and occupied the lands in question as their homestead for forty years, that said lands were acquired by Henry McNish from Joseph Goodbread and were deeded to the High Springs Bank in December 1913, but that defendants never surrendered possession of them. Defendants further allege that in January 1939, defendant, Harriett Singleton, applied to the clerk of the Circuit Court of Columbia County to pay all unpaid taxes on said lands and paid him $15.29 for cancellation of tax certificate No. 77, sale of 1918, and tax certificate No. 2041, sale of 1933, that notice was given and said certificates with all other tax liens then due were canceled and all subsequent taxes on the lands covered by said certificates have been paid to date. Defendants further allege that through error of the clerk of the Circuit Court, defendant Harriett Singleton was permitted to take up and pay the taxes on the South East quarter of the South East quarter of Section 8, Township 7 South, Range 17 East, which is immediately West of and adjoins the lands heretofore described. Defendants further allege that Harriett Singleton was acting for all said defendants, that she relied on the clerk of the Circuit Court, made an honest effort to clear up the taxes to her lands and has in fact paid all taxes on her homestead for the years involved but one, that plaintiff's tax deed is based on tax certificate No. 568, sale of 1934, and tax certificate No. 409, sale of 1936, covering said lands, but that defendants have continually since January 1905 used and occupied said lands as their homestead, that such possession and occupation has been actual, open, notorious, adverse, hostile, public, continuous, exclusive, uninterrupted and peaceable, that they have farmed, improved and kept said lands inclosed by a substantial fence and that the possession and occupation of defendants and their predecessors in title ripened into title by adverse possession long before any of the taxes involved in this suit became a lien on said lands prior to January 1, 1933.

Out of this state of the controversy the bald question that emerges, is whether or not the lands in question were the homestead of appellants and was error committed when the

trial court struck their pleas and bill of particulars, thereby depriving them of the right to prove this defense?

This question was permitted to become involved in a tangle of procedural sparring, much after the fashion of which a fly plunges into a spider's web and in the twinkle of an eye is bound helpless and shunted away to fortify the spider's hunger. Procedural law was not designed to work this way. Its purpose is to lead litigants to righteous conclusions. It should never be permitted to become more than a means to that end.

We recognize the provision of Common Law Rule 85-a, requiring the defendant in a case like this to file a "bill of particulars, stating and specifying how and when their claim originated and the facts upon which such claim is based." We think the pleas and bill of particulars filed in this case met the requirement of the rule. It is quite true that they are somewhat prolix but they allege that defendants are the widow and heirs of Henry McNish, that they had lived on the lands as their homestead for 40 years, that Henry McNish died intestate, that appellants in due course and in good faith applied to the clerk of the Circuit Court and the County Tax Collector to pay the taxes on said lands, but through error of said officers they paid the taxes on the adjacent lands, and later when their mistake was discovered, they paid on the lands in question.

We think appellants should have been given a chance to prove these allegations. Such was the doctrine approved by this court in Shuptrine v. Wohl Holding Corp., 147 Fla. 185, 3 So. 2nd 624, where we held without equivocation that when the owner of an interest in land applies in good faith to the proper officer to pay his taxes and is prevented from doing so by the mistake, wrong, or fault of the officer, such an attempt is equivalent to tender, at least so far as to invalidate any subsequent sale of the property for such taxes.

We are convinced that the foregoing is ample to conclude this case, but we are also convinced that appellants are protected by Section 192.36, Florida Statutes of 1941. The sale was made under the Murphy Act, Chapter 18296, Acts of 1937,

the tax deed was issued less than ten years after the sale of the tax certificate on which it was based, and appellants claim the land as their homestead. Stewart v. Powell, et al., 158 Fla. 420, 28 So. 2nd, 879. The very purpose of the last cited statute was to place one's homestead in a preferred status and give the owner every opportunity to preserve it within ten years if sold under the last named act.

Appellee further contends that defendants have no standing in this case because they have no record title to the lands in question since Henry McNish and his wife conveyed them to the High Springs bank, and so far as the record discloses, they have never been disposed of by the bank or reconveyed to defendants.

We do not think the bank's alleged title has a thing to do with this case. To pplead the Rule in Shelley's case would be equally as effective. the bank is not here complaaining and appellants not only allege 40 years adverse possession, but they say that more than twenty years of such possession was subsequent to the deed to the High Springs Bank. It is also alleged that when the tax deed was issued to appellee it was well known that appellants were living on the land and claiming it as their homestead, yet no effort was made to give them notice of the application for the tax deed and that they in fact knew nothing about it. In our judgment when one lives on land 40 years, improves it by building a house and a substantial fence and makes a living on it, he is able to show a mighty strong color of title.

For the reasons so stated the judgment appealed from is reversed with directions to reinstate the cause and Proceed as indicated in this opinion.

Reversed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.