SMITH, D. C., Associate Judge.
The appellants, defendants below, seek to review a summary final judgment entered in an ejectment action in favor of the appellee, plaintiff below.
Such final judgment was entered following a pre-trial conference at which the parties agreed to the following statement of facts.
Until a short time prior to the institution of this suit the land in question was wild and unoccupied and neither party has a right to claim title to same by adverse possession. The defendants are now in possession of said property and went into possession of it a short time prior to the institution of this suit. Plaintiff’s title to said lands is based on a deed from the Trustees of the Internal Improvement Fund of the State of Florida to J. W. *299 Lovett, dated May 20, 1942, wherein the. property was described as “E/2 of SE/4, see Deed Book 23, page 579 (less Lot 2 of Cotton’s Addition to Rerdell), Section 13, Township 22, Range 21.” This was the only description of these lands on the assessment roll at the time the assessments were made which were unpaid, and by reason of which unpaid assessments the title to such land became vested in the Trustees of the Internal Improvement Eund. Said lands have continued to be assessed and described each year as above described since the date of the deed from the Trustees of the Internal Improvement Fund, and such assessments have been paid from the date of such deed to this date by the plaintiff or his grantor.
The defendants’ title originates by reason of a tax deed from the State of Florida to F. J. Wadford, dated June 6, 1949, based on outstanding and unpaid tax certificate issued on May 31, 1947, wherein the property was described as: “Lots 3 and 4, Cotton’s Addition to Rerdell, Section 13, Township 22 South, Range 21 East,” and thereafter by deed from Wadford and wife to the defendants. The first time the property was assessed as Lots 3 and 4, Cotton’s Addition to Rerdell, Section 13, Township 22 South, Range 21 East, was for the year 1946, and said taxes under such description were not paid by the plaintiff or any one else prior to the tax deed to Wadford, and that said lands have also been assessed under such description continuously since 1949, and that the taxes under such description have been paid by Wadford or the defendants.
It appears from the record that Lots 3 and 4, Cotton’s Addition to Rerdell, Section 13, Township 22 South, Range 21 East, are a part of the property described as the E/2, of SE/4, see Deed Book 23, page 579 (less Lot 2 of Cotton’s Addition to Rer-dell), Section 13, Township 22, Range 21. It appears from the agreed statement of facts that the plaintiff had paid the taxes on the property in question before the certificate issued upon which defendants’ predecessor in title later obtained a tax deed. It is the well-settled general rule that if the taxes on property have in fact been paid before sale therefor, the tax sale proceedings are a nullity and confer no title on the purchaser. Proof of such prior payment of taxes is a ground for invalidating the sale if it has been made, and a deed made in pursuance of such a sale is void. Taxation, Section 433, 31 Florida Jurisprudence, page 307, and Conant v. Buesing, 1887, 23 Fla. 559, 2 So. 882.
The trial court properly entered a summary final judgment for the plaintiff upon the admitted facts and same is affirmed.
SHANNON, C. J., and KANNER, J., concur.