JOHNSON, Judge.
We have here two cases which have been consolidated for this appeal. Each of the cases deal with the same alleged parcel of land located in Nassau County, Florida and the same alleged county tax certificate. In the first of these cases, identified as 1-48, Nassau County brought suit pursuant to chapter 194.47, Florida Statutes, F.S.A., against certain lands upon which there were delinquent taxes for which tax certificates had been issued at least two years prior to the bringing of said suit.
Among the lands listed in the schedule attached to the complaint was the alleged parcel which is the land in controversy in these two cases. It was described in the complaint and in the notice which was published as : “Tax Certificate 104 (description) in OR 1, pg. 118 Co.Rec. Sec. 19, T 2 N, R 25.” (Emphasis supplied.) Decree Pro Confesso was entered and final decree entered July 1, 1965, wherein the subject land was described identically as above.
In November 1965, Mid-State Homes, Inc. filed a petition to vacate the final decree of July 1, 1965, and for leave to file an answer. We think the chancellor very correctly denied this petition because the petition totally failed to allege any valid ground for relief. The Chancellor permitted the said Mid-State Homes, Inc., to file an amended petition, which was done on January 17, 1966. This amended petition appears to have been so carelessly and negligently drawn as to fail to give any ris.e for favorable action thereon. The chancellor, however, appears to have assumed that the attack was upon the validity of the decree as to the parcel of land in question because of the abbreviated description used in the Nassau County complaint and published notice, and so treated it in its order of June 1, 1966, denying the amended petition, and specifically distinguishing said case from the decision of the Supreme Court of Florida in Smith v. Green, 159 Fla. 319, 31 So.2d 925, and also specifically holding that the description used, namely “In OR 1 pg. 118 Co. Rec.” was an abbreviation commonly understood and should put a person on notice that the exact description of the land involved could be found in that book at that page. No mention had been made by Mid-State Homes, Inc. in either of its petitions to vacate and for leave to file an answer that the taxes had been paid on the property and that there were no delinquent taxes at the time the certificate in question was issued. No answer is proffered along with the motion to vacate showing a defense or other ground for equitable relief.
While it is apparent that the chancellor arrived at the conclusion that the petition to vacate was predicated upon the one question: insufficient description, the pleadings do not show this court sufficient allegations to show an illegal assessment nor a void tax. There is no allegation in the pleadings from which we may determine why the chancellor touched upon the description in his order denying said petition. We think the chancellor was in error in holding that this case is distinguishable from *384 Smith v. Green[1] because in the case sub judice, not only was the description in the complaint and notice too brief, but actually described the land as being in Section 19, whereas the land was actually in Section 51. But this was not raised by the pleadings. We therefore hold that the chancellor was correct in denying the petition to vacate and for leave to file an answer, for lack of a sufficient showing upon which equitable relief could be granted. The order appealed in this case, Nassau County, a political subdivision of the State of Florida, v. Certain Lands in Nassau County, Florida, against which taxes are delinquent, is therefore Affirmed.
In the other case consolidated herewith, Mid-State Homes, Inc. v. Nassau County, the complaint was filed June 7, 1966, wherein Mid-State Homes, Inc', is undertaking to foreclose a mortgage against Louis J. Jordan and Armelia Jordan, his wife, an'd has made Nassau County a party defendant for the purpose of having the final decree of July 1, 1965, vesting title in said county, set aside as null and void. Nassau County filed a motion to dismiss said complaint as to said County, alleging five grounds therefor as follows:
“L- That said Complaint attempts to make a collateral attack upon a final decree of this Court valid on its face.
■ “II. That said complaint,. through collateral attack, attempts to void- a final decree of this Court vesting in Nassau County. the lands described in Paragraph V of said complaint under the provisions of Section 194.47(4), Florida Statutes ■ [F.S.A.J.
“HI. That the matters and things alleged in said Paragraph V of said . complaint have been previously adjudicated by this Court contrary to the contentions of plaintiff.
“IV. That this Court is without jurisdiction to pass upon the validity of said final decree sought to be declared null and void upon the allegations contained in said complaint.
“V. There are no sufficient allegations of fact upon which this Court could declare said final decree to be null and void.”
In this latter complaint, Mid-State Homes, Inc. does not raise the question of the sufficiency of the description as was acted upon by the chancellor, in Nassau County, et al v. Certain Lands in Nassau County, Florida, supra, but only raised the contention that the taxes had been paid on a parcel of land larger than and encompassing the land in question. Although the complaint does not so plainly state, the charge is that there was double taxation, and that the taxes having been paid once, the title of Nassau County was null and void.
As this case, Mid-State Homes, Inc. v. Jordan, et al (I-154) is in chancery, we determine to treat the appeal as interlocutory. The plaintiff in this case has again been very meager in its allegations of fact upon which it prays equitable relief, and frankly, this deficiency in the pleadings on the part of counsel for the plaintiff does not lead to a commendation thereof, but we are of the opinion that there are sufficient allegations made to state a cause of action and which if proven to be true, would render the title of Nassau County invalid under the judicial decree of July 1, 1965. A void assessment renders any deed or other evidence of title based thereon, void also.[2] In nearly all of our Supreme Court of Florida decisions pertaining to the question of validity of assessments or deeds based thereon, it is pointed out that such may be attacked or set aside at any time if it is shown there was or could not have been any valid and legal tax assessed. Statutes of Limitation will not bar a *385 suit to set aside a tax deed which is subject to a jurisdictional defect.[3] Laches cannot be charged against the plaintiff because it filed its suit immediately after the decision rendered by the chancellor in the prior suit.
The defense of res adjudicata is an affirmative defense .and cannot be raised by a motion to dismiss.
We are also of the opinion that this action while appearing to be a collateral attack upon a judgment of the circuit court, it is also clear that it is attacking the validity of a title founded upon a decree which was void because of a jurisdictional defect, namely, that there was not a valid delinquent tax upon which to base said decree. The mere fact that the same chancellor denied the petition of appellant herein to vacate the final decree in the first case, #1-48, and also granted the motion to dismiss in the latter case, #1-154, has no particular significance inasmuch as the first order was based on an entirely different point of law and pleading, from the latter. This is a suit in equity and it has been pointed out that there are no intervening parties and that Nassau County has not issued a deed to anyone who might be affected adversely by the granting of the relief prayed for by the appellant.
For the reasons stated, the order granting the motion to dismiss as to Nassau County is hereby reversed and said cause remanded for further proceedings not inconsistent with this opinion.
WIGGINTON, Acting C. J., and SPECTOR, J., concur.

. Smith v. Green, 159 Fla. 319, 31 So.2d 925 (1947).

. Van Volkenburg v. Rhodes, 136 Fla. 406, 182 So. 846 (1938).

. Wells v. Thomas, 78 So.2d 378, 383 (Fla.1954).