355 So.2d 448 (1978)
J.T. SKINNER and Louise Skinner, His Wife, Appellants,
v.
Jack H. SIMMS and Katie L. Simms, Appellees.
No. EE-489.
District Court of Appeal of Florida, First District.
February 14, 1978.
*449 Charles R. Rowe, Ocala, for appellants.
Harry C. Dozier, Jr., Ocala, for appellees.
ERVIN, Judge.
Appellants-Skinners have lived on a tract of land since 1965 on which the appellees Simms hold a tax deed. This appeal involves the validity of the tax deed.
In 1958, Thomas Smith was conveyed the north 1/4 of Lot 28, west of a paved road in Section 6, Township 12 South, Range 23 East. His property, as then conveyed, is the shaded portion of the following diagram:

Several years later he built a house on the eastern half of his property and mortgaged that half to finance the building. The legal description contained in the mortgage read:
"The East 1/2 of the North 1/4 of Lot 28, West of the paved road, in Section 6, Township 12 South, Range 23 East."
*450 A close reading of this description shows it does not enclose half Smith's property, but rather only that portion represented by the shaded area in the following diagram:

When the frame house was completed, Smith was dissatisfied with its condition and allowed the mortgaged property to be foreclosed.
After the foreclosure, the Skinners purchased the property and received a quitclaim deed from the mortgagee with the same description as above. Smith later conveyed the west 2 1/2 acres of his property to a grantee who subsequently conveyed to Gleason and Linda Whipple.
The tax assessor set up the following assessments:
"(i) J.T. SKINNER and LOUISE SKINNER, his wife, Parcel No. 04451-002-00, describing the following lands, to wit: The East 1/2 of the North 1/4 of Lot 28 in Section 6, Township 12 South, Range 23 East, West of the paved road.
(ii) GLEASON S. WHIPPLE and L.M. WHIPPLE, his wife, Parcel No. 04451-001-00, covering the following described lands, to wit:
West 2 1/2 acres of the West 1/2 of the North 1/4 of Lot 28, West of the paved Road, in Section 6, Township 12 South, Range 23 East.
(iii) THOMAS D. SMITH, Parcel No. 04451-000-00, covering the following described lands, to wit:
The West 1/2 of the North 1/4 of Lot 28, West of the paved road, except the West 2 1/2 acres, Section 6, Township 12 South, Range 23 East."
The Skinners have continuously occupied all the property east of the 2 1/2 acres in the north 1/4 of Lot 28 owned by the Whipples or their predecessors since their conveyance in 1965. The tax certificates, however, were sold on the uncollected property taxes assessed to Thomas Smith. Appellee Jack Simms attended public sale in June, 1975, and purchased the tax deed for $1,515. The Simms then demanded possession of the land from the Skinners, who refused, and a petition for writ of assistance was filed. The Skinners contended, as affirmative defenses, the tax deed was void due to improper assessments and there were no delinquent taxes.
The Skinner's counterclaim for reformation of the deed was properly dismissed, there being no joinder by the grantor of the deed. Bevis Construction Co. v. Grace, 115 So.2d 84 (Fla. 1st DCA 1959). The trial judge found the county assessor properly assessed the following lands
"West 1/2 of North 1/4 of Lot 28, West of paved road, except West 2 1/2 acres, Section *451 6, Township 12 South, Range 23 East,"
to Thomas Smith, the record owner; taxes were not paid when due, tax certificates were sold for non-payment, and upon application, a tax deed was duly and regularly issued to the Simms. Summary judgment was granted against the Skinners and the Simms placed in possession of the Smith parcel. We reverse.
The tax assessor incorrectly made a double assessment of the east half of the land lying west of the paved road. Smith was properly assessed for 2 1/2 acres, having a land value of $1,820 and a value for improvements of $3,680 for a total of $5,500. Smith, of course, never paid property taxes on this assessment, thinking he had lost the parcel due to foreclosure. It was this land the Simms bought to satisfy the outstanding tax certificates. On the other hand, the Skinners held title to land which, by its legal description, is very small in area. They were assessed, though, for the same value in land and improvements  $5,500  on the same 2.5 acres as Smith. Had the tax assessor complied with Section 193.023(2), Florida Statutes (1975), requiring that he physically inspect the property every three years, he would have discovered, in making his assessment, that the property enclosed by the legal description which was conveyed to the Skinners contained no improvements. Yet in preparing his real property assessment roll each year during the time the Skinners were in possession of the property prior to the issuance of the tax deed, the tax assessor continuously incorrectly appraised the property in the same amount which he had assessed to Smith. Their property thereby was subjected to a double assessment, an event clearly prohibited by law. Section 197.032, Florida Statutes (1975).
The Skinners have properly paid the taxes on the Smith parcel, which they thought was their land. Since no outstanding taxes were due, the certificates were improperly sold and the tax deed is void. The fact the Skinners do not have proper record title to the land on which they reside is not relevant. As to the validity of the tax deed, we are only concerned with whether taxes have been paid upon the parcel. The taxes were paid by the Skinners during certain years and in other years the property was exempt from taxation. If taxes have been paid on the property assessed before a tax sale occurs, the tax sale proceedings are a nullity and confer no title in the purchaser. Conant v. Buesing, 23 Fla. 559, 2 So. 882 (1887); Garner v. Larkin, 132 So.2d 298 (Fla.2d DCA 1961). Compare Shuptrine v. Wohl Holding Corp., 147 Fla. 185, 3 So.2d 524 (1941); Golden v. Grady, 160 Fla. 348, 34 So.2d 877 (1948); Helseth v. Cleveland Trust Co., 49 So.2d 91 (Fla. 1950).
REVERSED.
BOYER, Acting C.J., and SMITH, J., concur.